WALLACE WILLIAMS, as Administrator of the Estate of ROBERT WILLIAMS, Deceased, Respondent, *v.* GRACE HARTSHORN, Appellant.

Argued September 30, 1946; decided October 17, 1946.

*Percy R. Smith* and *Edmund S. Brown* for appellant. The **remedy** afforded by the Workmen's Compensation Law is **ex-**

clusive. (*Matter of Peck,* 206 N. Y. 55; *Caplan* v. *Caplan,* 268 N. Y. 445; *Matter of Lyle* v. *Lyle Cider & Vinegar Co.,* 243 N. Y. 257; *Patrikes* v. *J. C. H. Service Stations, Inc.,* 180 Misc. 917; *Matter of Salatto* v. *Salatto,* 256 N. Y. 569; *Matter of Munter* v. *Ideal Peerless Laundry,* 229 App. Div. 56; *Matter of Duprea* v. *Duprea,* 224 App. Div. 673; *Barrencotto* v. *Cocker Saw Co.,* 266 N. Y. 139; *Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544; *DeAntonis* v. *Catalano,* 256 App. Div. 10; *Pantolo* v. *Lane,* 185 Misc. 221; *Varrichio* v. *Schmitt,* 295 N. Y. 920; *Park* v. *Union Manufacturing Co.,* 114 P. 2d 373; *Reed* v. *Industrial Acc. Comm.,* 10 Cal. 2d 191; *Brollier* v. *Van Alstine,* 163 S. W. 2d 109.)

*Albert E. Hollis* for respondent. The provisions of the Workmen's Compensation Law have no application to the present action. (*Murphy* v. *Rochester Telephone Co.,* 208 App. Div. 392, 240 N. Y. 629; *Matter of Peck,* 206 N. Y. 55.)

FULD, J. The question here posed is this: Is the administrator of a partnership employee, who died as a result of injuries arising out of and in the course of his employment, precluded from maintaining a common-law action for negligence against the partner who owned the premises where the partnership business was carried on and where the employee was killed?

The Workmen's Compensation Law was designed to assure to the workingman a protection against loss of earning power through injury sustained in his employment, irrespective of how that injury occurred or what brought it about. After imposing this new and comprehensive liability upon the employer, the statute accords to him, in return therefor, relief from any and all other liability " on account of such injury or death ". (Workmen's Compensation Law, § 11; see *Barrencotto* v. *Cocker Saw Co.,* 266 N. Y. 139, 142.) Further evidence of the legislative intent to make compensation the comprehensive and exclusive remedy for such injury as regards the employing organization is found in section 29, subdivision 6, of the statute, which precludes common-law actions based upon " the negligence or wrong of another in the same employ." (*Cf. Mittman* v. *Meyerson,* 19 N. Y. S. 2d, 575.)

Regardless of his status as owner of the premises where the injury occurred, an employer remains an employer in his rela-

tions with his employees as to all matters arising from and connected with their employment. He may not be treated as a dual legal personality, " a sort of Dr. Jekyl and Mr. Hyde ". (*Per* Guy J., *Winter* v. *Doelger Brewing Co.,* 95 Misc. 150, 153.) Accordingly, defendant, as employer, was absolved from " any other liability whatsoever \* \* \* at common law or otherwise on account of such \* \* \* death ". (Workmen's Compensation Law, § 11; see, also, *Winter* v. *Doelger Brewing Co., Inc.,* 226 N. Y. 581, affg. 175 App. Div. 796; *DeAntonis* v. *Catalano,* 256 App. Div. 10; *Park* v. *Union Mfg. Co.,* 45 Cal. App. 2d 401.) Decision by this court in the *Winter* case points the conclusion here. Plaintiff, employed as a delivery man by defendant brewing company, was injured in the course of his usual work while delivering beer to a saloon. Though the premises were located at some distance from the brewery, they were owned and controlled by defendant, and it was defendant's own negligent conduct — the improper maintenance of an elevator — that occasioned the injury. Nevertheless, it was held that the employee could not resort to an action at law, since the employer's exclusive liability was under the Workmen's Compensation Law.

Nor does the fact that defendant herein is but one member of the partnership which employed decedent alter the result. While the Legislature has the right to consider a partnership apart from its members (*Matter of Schwartzman,* 288 N. Y. 568), in the absence of such legislative treatment, a partnership is not to be regarded as a separate entity distinct from the persons who compose it. (Partnership Law, § 10; *Caplan* v. *Caplan,* 268 N. Y. 445; *Matter of Lyle* v. *Lyle Cider & Vinegar Co.,* 243 N. Y. 257; *Matter of Peck,* 206 N. Y. 55; *Park* v. *Union Mfg. Co., supra.*)

It is clear, then, that the present action cannot be maintained, for its prosecution would violate not only the letter of the statute, but, also, its very spirit and purpose.

The orders should be reversed and the complaint dismissed, with costs in all courts. The question certified should be answered in the affirmative.

Loughran, Ch. J., Lewis, Conway, Desmond, Thacher and Dye, JJ., concur.

Orders reversed, etc.