## KOONS et al. v. KAISER et al.

United States District Court
S. D. New York.
June 23, 1950.

512

Mark W. Norman, New York City, William H. Timbers, New York City, of counsel, for plaintiffs.

Rosenman, Goldmark, Colin & Kaye, New York City, Max Freund and Samuel I. Rosenman, New York City, of counsel, for defendants.

IRVING R. KAUFMAN, District Judge.

The defendants have made the following motions:

(1)  to quash service and return of summons on, and to dismiss the action as to, defendant Kaiser Colorado Company (hereinafter referred to as "Colorado") upon the ground that the defendant is a corporation organized under the laws of California and was not and is not licensed to do or doing business in New York State and is therefore

not subject to service of process within the State of New York;

(2) to quash service and return of summons on, and to dismiss the action as to, defendant Kaiser Steel Corporation (hereinafter referred to as "Steel") upon the ground that the defendant is a corporation organized under the laws of Nevada and was not and is not licensed to do or doing business in New York State and is therefore not subject to service of process within the State of New York;

(3) to dismiss the action for lack of venue or in the alternative to transfer the action pursuant to Section 1406 of Title 28 United States Code Annotated to the United States District Court for the Northern District of California, Southern Division, where the action might have been brought, on the ground that the venue of the action now is in the wrong district because the jurisdiction of this Court is invoked solely on the ground of diversity of citizenship and neither all of the plaintiffs nor all of the defendants reside in the Southern District of New York or the State of New York;

(4) transfer the action to the United States District Court for the Northern District of California, Southern Division, on the ground of *forum non conveniens* pursuant to Section 1404(a) of Title 28 United States Code Annotated;

(5) if the first motion is granted, to dismiss the action for lack of an indispensable party, to wit, Colorado;

(6) if the second motion is granted to dismiss the action for lack of an indispensable party, to wit, Steel.

The plaintiffs subsequently moved this Court by order to show cause

(1) for an order to take the depositions in New York of seven individuals among them being the defendant Kaiser, officers of Steel and Colorado, the manager of the Waldorf Astoria Hotel and a Deputy U. S. Marshal in this district, for use upon the pending motions of the defendants to quash service of process and to dismiss the actions, on the issue as to whether the corporate defendants are doing business in this jurisdiction and therefore subject to service of process;

(2) that pending the taking and conclusion of said depositions, the defendants' aforesaid motions be adjourned.

The defendants urge this Court to consider initially their motion with respect to venue for if the Court should consider this favorably, all of the other motions will become academic. The defendants' argument is substantially as follows: The depositions requested by the plaintiff cannot have any bearing on the motion with respect to improper venue for, if the defendant Henry J. Kaiser is found to be a resident of California, then irrespective of the finding with respect to the corporate defendants, not all of the plaintiffs or all of the defendants will be residents of this district. Section 1391, Title 28 United States Code Annotated. Furthermore, the defendants urge that if their motion is granted there will be no need for this Court to decide whether depositions should be taken nor will there be any need to rule upon defendants' other motions. There is merit to this argument of the defendants and hence this Court will consider at the outset the motion as it is addressed to the question of venue.

The plaintiffs' moving papers make it perfectly clear that the use of the depositions which they seek is for "the pending motions of the defendants to quash service of process and to dismiss the action on the ground that the *corporate* defendants are not doing business within the jurisdiction of this Court and therefore are not subject to service of process here." It can be stated in passing that were defendants' motion under Section 1406 of the Judicial Code not dispositive of all of the motions, this Court would be inclined to order the depositions requested—of course under certain conditions which would have been imposed— since these depositions would have thrown some light upon the issues, always difficult to decide, respecting the quantity and quality of corporate business sufficient to subject itself to services of process. But these issues with respect to corporate business are not involved on the question of the resi-

dence of defendant Kaiser, which residence will determine the motion addressed to venue.

The complaint herein alleges that the jurisdiction of this Court is predicated on the existence of diversity of citizenship between plaintiffs and defendants. Venue of this action accordingly is controlled by Title 28 United States Code Annotated § 1391(a) and (c), which read:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

The plaintiffs named in the complaint are Charles A. Koons, Walter E. Koons, Vincent Muti, Jacques Vinmont, Jr. and Francis X. Stephens, partners, doing business under the firm name of Charles A. Koons & Company. The complaint further alleges that Charles A. Koons is a citizen of the State of Connecticut; Walter E. Koons, Jacques Vinmont, Jr. and Francis X. Stephens are citizens of the State of New York; Vincent Muti is a citizen of the State of Pennsylvania. Henry J. Kaiser is alleged in the complaint to be a resident of the city of Oakland, County of Alameda, State of California and a citizen of the State of California. The defendant Colorado is alleged to be a California corporation, doing business in the jurisdiction of this court; the defendant Steel is alleged to be a Nevada corporation, owning and operating a steel plant at Fontana, California and doing business within the jurisdiction of this court.

It is also alleged in the complaint that the defendant Henry J. Kaiser, individually, and various companies, including defendants Colorado and Steel, entered into a joint venture with plaintiffs, who acted through the partner Charles A. Koons, to raise capital to expand certain facilities of Steel thereby increasing its output and to obtain customers for such increased production; that thereafter in accordance with arrangements made between plaintiffs and defendants, plaintiffs entered into a contract with defendant Colorado, and plaintiffs and representatives of the defendants began their efforts to carry out the purpose of the joint venture; that plaintiffs have performed certain acts in furtherance of this venture including the execution of a firm commitment to purchase the entire output of the expanded facilities of Steel over a period of six years; that the defendants without plaintiffs' knowledge and in violation of the agreement entered into negotiations with one Transcontinental Gas Pipe Line Corporation (hereinafter called "Transcontinental"); that negotiations ultimately culminated in an agreement between Transcontinental and Steel and some other of the associated companies to the profit of the defendant Kaiser individually; that pursuant to this agreement Transcontinental advanced funds in excess of $9,000,000 to be used in constructing a mill by Steel and placed an order for the steel produced at such mill; that the defendants have violated the fiduciary obligation they had to the plaintiffs and as a result thereof plaintiffs have been damaged in the sum of $2,000,000.

Affidavits have been submitted in behalf of the defendants by G. G. Sherwood, secretary-treasurer of defendant Colorado, Henry J. Kaiser, E. E. Trefethen, Jr., executive vice-president of defendant Steel and Edward J. Ruff, an attorney and a member of the California bar. Also reply affidavits by Henry J. Kaiser, E. E. Trefethen, Jr. and W. F. Pelletier, an employee of Steel. The plaintiffs have submitted affidavits by Mark W. Norman, their counsel, and Charles A. Koons, one of the plaintiffs, and reply affidavits by said Norman and Koons. The greater part of these affidavits is devoted to the question of the corporations doing business in this jurisdiction. Hence, it will only be necessary to make passing reference to an occasional affidavit which may have some relevancy on the question of proper venue.

As appears from the foregoing, the plaintiffs are five individual persons doing busi-

ness under the firm name of Charles A. Koons & Company. They sue individually in their own names as partners and not in the partnership name alone. Indeed, Mark W. Norman, the attorney for the plaintiffs, in his affidavit, dated May 9, 1950, states that he is the attorney for the *plaintiffs* in this action and Mr. Charles A. Koons in his affidavit, dated the same day states: "That he is *one* of the *plaintiffs.*" (Emphasis supplied.)

It is apparent from the complaint (Paragraph First) that only three of the five plaintiffs reside in the Southern District of New York and it is no answer to this deficiency in meeting the requirements of Section 1391(a), supra, to answer that the partnership has its principal place of business in the Southern District of New York. Smith v. Lyon, 1889, 133 U.S. 315, 10 S.Ct. 303, 33 L.Ed. 635. While Smith v. Lyon anteceded Section 1391, it dealt with a similar venue statute. The Supreme Court in that case held that two partners could not sue in a district where only one of them resided and that suit could be instituted only at the residence of all plaintiffs or all defendants. It was strongly urged in the brief of the plaintiffs in error in the Supreme Court that the partnership should be treated as a separate entity with a separate residence from that of its individual partners. Indeed, the Reviser's notes to the Judicial Code state with reference to Section 1391: "Reference to 'all plaintiffs' and 'all defendants' were substituted for references to 'the plaintiff' and 'the defendant,' in view of many decisions holding that the singular terms were used in a collective sense. See Smith v. Lyon, 1890, 10 S.Ct. 303, 133 U.S. 315, 33 L.Ed. 635 * * *"

In the case of Sutherland v. United States, 8 Cir., 1934, 74 F.2d 89, at page 93, the Court stated:

"While in People of Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903, supra, the Supreme Court held a 'sociedad en comandita' organized under the laws of Puerto Rico, to be a juridical person which would be recognized as such by the federal courts, and while in United Mine Workers v. Coronado Coal Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762, it was held that the United Mine Workers of America, an unincorporated labor union, would be treated as an entity for the purpose of suit, there is no case which we have found which indicates to our minds that, for purposes of federal jurisdiction, a partnership composed of individuals residing in one district may be treated as the inhabitant of another district in which the partnership has a place of business, even though, under state laws and state practice, suit might be brought against it in the firm name in the latter district.

" * * * Since a corporation, as a juridical person, is an inhabitant of the state of which it is a citizen, we think a partnership is likewise to be regarded as an inhabitant of the state of which it is a citizen, namely, the state of which the partners are citizens.

"Our conclusion is that this partnership, for the purpose of this suit, must be regarded as a citizen of Missouri, and an inhabitant of the Western district of Missouri, wherein the partners reside."

The Sutherland case holds squarely that while a partnership may be a legal entity, separate and apart from its members under state law, it has no separate residence of inhabitance from that of its members.

The case also distinguished the United Mine Workers v. Coronado case and determined that it was not applicable to partnerships. The reason is sound, since unincorporated associations are *sui generis*. The membership of such an association usually is so large that it would be impossible for it to sue or be sued if it were not treated as an entity for the purpose of suit.

The real plaintiff here is not the partnership. It is apparent from the complaint and from the affidavits already cited that the action has been brought by several plaintiffs who engage in business under a partnership name. Suit has not been brought in the name of the partnership alone and it is urged therefore by the defendants that even if the partnership were a separate legal entity that the partnership is not the

sole plaintiff here for there are five individuals who are likewise plaintiffs.

The plaintiffs urge that Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., Section 222-a of the New York Civil Practice Act and Darby v. Philadelphia Transportation Co., D.C.E.D.Pa. 1947, 73 F.Supp. 522, support their position that the partnership is a separate legal entity with a separate residence apart from that of the partners and that the suit may be maintained because the partnership which is the real plaintiff is a resident in this district.

█ Rule 17(b) of the Federal Rules of Civil Procedure requires an examination of the law of the state to ascertain whether a partnership is a legal entity with a residence separate and apart from those of the partners. Section 222-a of the New York Civil Practice Act permits a suit by and against a partnership in its partnership name, but it is clear that it was never intended to make a New York partnership a separate legal entity apart from that of the partners. It was merely a device to facilitate partnership litigation. Indeed, the Judicial Council which had recommended the adoption of Section 222-a stated in its Eleventh Annual Report at p. 233: "It is assumed in the discussion of the validity of the recommended amendments, that the enactment of recommended section 222-a permitting suits by and against a partnership in the partnership name, together with present sections 12 and 21 of the Partnership Law (McK. Consol. Laws, c. 39] permitting partnerships to hold real property in the partnership name will not be held to have the effect of converting partnerships into legal entities having a separate existence from that of the partners. Such effect is believed to be unlikely."

See Caplan v. Caplan, 1935, 268 N.Y. 445, 198 N.E. 23, 101 A.L.R. 1223; Williams v. Hartshorn, 1946, 296 N.Y. 49, 69 N.E.2d 557 (decided by the Court of Appeals after the enactment of Section 222-a). Accord: MacKenzie v. Climax Industries, Sup.1947, 73 N.Y.S.2d 504, where Judge Froessel, sitting in Special Term, Kings County, stated that a partnership has no residence distinct from the residence of the individual partners.

Plaintiffs attach much weight to Darby v. Philadelphia Transportation Company, supra. There, under Pennsylvania Law a partnership as such could be sued in one of two ways—either in the name of the individuals doing business as the partnership or in the firm name. The Darby opinion held that the Pennsylvania Partnership Law, 59 P.S. § 1 et seq., and the Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix, established the partnership as a separate legal entity apart from the partners. The district court therefore ruled that such a separate legal entity had a residence separate from that of the partners. However, in New York it has been held by the Court of Appeals subsequent to the enactment of Section 222-a that " * * * a partnership is not to be regarded as a separate entity distinct from the persons who compose it * * *." Williams v. Hartshorn, supra, 296 N.Y. at page 51, 69 N.E.2d 557, 559.

█ Another distinction stems from the fact that in the Darby case the partnership itself was sued. This is not the case here. It has already been indicated above that the suit here has not been brought in the partnership name but in the name of the individual partners as members of a partnership and together they are referred to as the *plaintiffs*. This Court, therefore, is not persuaded by the argument that the Darby case, decided by the district court of Pennsylvania, is applicable here. I am rather persuaded by the argument that under New York Law, which this District Court is compelled to follow, the partnership is not a separate jural entity from that of its individual partners and that its residence is that of the individual partners.

We come now to the question of residence of the defendants. The residence of Colorado and Steel will be put aside, for the motion addressed to venue can stand or fall upon the determination of the residence of the defendant Kaiser. As has already been indicated, the very complaint states "that Henry J. Kaiser, at all times hereinafter mentioned was a resident of the city of Oakland, County of Alameda, State of California and is a citizen of the State of

California." The plaintiffs now find themselves in an incongruous position. Despite the flat allegation of residence and citizenship in California contained in the complaint, they seek to make much of the fact that a four-room suite was maintained at the Waldorf Astoria by Kaiser who had registered as "a permanent guest since 1944". The affidavit of Charles A. Koons, one of the plaintiffs, dated May 9, 1950, states: "This suite, I am further informed and believe, is maintained by Mr. Kaiser on a year-round basis for his use and for the use of other officers of the defendant corporation when they are in New York City."

■ It is basic that residence as used in the Judicial Code means domicile. Shaw v. Quincy Mining Co., 1892, 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768; King v. Wall & Beaver Street Corporation, 1944, 79 U.S. App.D.C. 234, 145 F.2d 377; Townsend v. Bucyrus-Erie Co., 10 Cir., 1944, 144 F.2d 106, 108-109; Edgewater Realty Co. v. Tennessee Coal, Iron & R. R. Co., D.C. Md. 1943, 49 F.Supp. 807.

Plaintiffs' position becomes more untenable when it is observed that if defendant Kaiser is domiciled in New York, there is no basis for federal jurisdiction because of lack of diversity of citizenship; if defendant Kaiser is not domiciled in New York, then venue is improperly laid in this district because all the defendants do not reside here, Section 1391(a), supra. The plaintiffs' affidavits do not give much help on this score, for, while not in any way attempting to retract their flat allegation in the complaint of residency and citizenship of Kaiser in California they merely carry on a parallel discussion of the fact that an apartment is maintained by him at the Waldorf in New York on a permanent basis.

Indeed, it should be noted that Mr. Koons' affidavit above referred to would negative the idea of a permanent residence or domicile by Kaiser at the Waldorf, for he states that the suite is not only for Kaiser's use but, "for the use of other officers of the defendant corporation when they are in New York City." It is hardly likely that

the defendant Kaiser would throw open a four-room suite that he intended to use as his home and domicile for himself and his family to "other officers of the defendant corporation when they are in New York City."

I am rather persuaded to believe that it is because the defendant Kaiser was a nonresident as were many of the other officers of the corporation that it was necessary to maintain some place where they could stay when in New York.

Furthermore, the defendant Henry J. Kaiser in his affidavit of May 19, 1950, denies that he personally maintains a suite at the Waldorf and asserts that the suite is rented by the Henry J. Kaiser Company, a corporation organized by the laws of Nevada and having its principal place of business in Oakland, California; that the suite is maintained on a month-to-month basis by said corporation and has never at any time been maintained by him nor has he ever paid the rental on this suite. In his affidavit of April 24, 1950, the defendant Kaiser states unequivocally that he is a resident and a citizen of the county of Alameda, State of California and has been such continuously since 1921; that his home address is 492 Staten Avenue, Oakland, California, in the judicial district of the United States for the Northern District of California, Southern Division; that he has voted and paid taxes in the State of California continuously since 1921 and that he and his wife have made their home and domicile there throughout such period and their children have grown up there; that he does not maintain any residence outside of the State of California nor has he done so since 1921; that at the time of the service of the summons and complaint on April 11, 1950 he maintained no residence in the State of New York nor did he at any other time maintain such a residence; that he never made his home in New York nor did he ever vote or pay any taxes there.

■■ For venue purposes a person is a resident only where he is a citizen and domiciled. In short, he is a resident where he makes his home. The moving and the

opposing papers submitted on this application establish overwhelmingly that Kaiser is a resident of the State of California; that his home is in Oakland, California.

■ It is concluded, therefore, that since neither (1) all the plaintiffs nor (2) all the defendants reside in this district, there is a failure of compliance with Sections 1391(a) and (c), supra. The question is, therefore, whether this Court should in the interest of justice dismiss this action or transfer it to the district in which it could have been brought.

Title 28 United States Code Annotated § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

■ The defendants assert on this application that this action could properly have been brought in the Northern District of California, Southern Division. Indeed, in their application to transfer because of *forum non conveniens,* under Title 28 United States Code Annotated § 1404(a) they ask that the transfer be to the Northern District of California, Southern Division.

Under Section 1391(a), supra, the venue could be laid at the residence of all the defendants. In the case of the defendant Kaiser this would mean his domicile, which is in Oakland, California, in the Northern District of California, Southern Division. In the case of corporations, residence is defined by sudivision (c) of Section 1391 to mean "any judicial district in which it is incorporated or licensed to do business or is doing business." The affidavit of G. G. Sherwood, secretary-treasurer of defendant Colorado, states that the defendant Colorado is incorporated in California; that its principal place of business is and at all times has been at Oakland, California, which is within the Northern District, Southern Division. The affidavit of E. E. Trefethen, Jr., executive vice-president of defendant Steel states that it is a Nevada corporation but that it is qualified to do and is doing business in California and that "the

principal office and place of business of Steel is now and at all times has been at Oakland, California, within the judicial district of the United States for the Northern District of California, Southern Division." It is, therefore, apparent that this action could have been brought in the United States District Court for the Northern District of California, Southern Division, since all of the defendants reside there in accordance with the provisions of Title 28, Sections 1391(a) and (c).

It is, therefore, the decision of this Court that venue has been improperly laid in this Court and that this action shall be transferred to the United States District Court for the Northern District of California, Southern Division.

In view of this decision, all of the defendants' remaining motions pending before this Court have become academic. The plaintiffs' motions are denied.

Settle order.