■ In the Matter of the Claim of ANNE FALKENSTEIN, Respondent, against VICTORY STATIONERY COMPANY et al., Appellants, and AUSTRIA ART Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals by an alleged employer, Victory Stationery Company, and its insurance carrier, from awards of compensation which, among other things, apportioned liability between the Victory Stationery Company and the respondent Austria Art Company. The two alleged employers were two separate and distinct partnerships, although the partners in both of them were the same

individuals. Victory Stationery operated a wholesale stationery business and the Austria Art Company sold pictures and other artistic items. Both concerns were conducted from the same premises, and both carried workmen's compensation insurance with different carriers. Claimant filed a claim for compensation against the Austria Art Studio, alleging that she was employed by it, and that she sustained accidental injuries from tripping and falling over a loose and defective floor covering while leaving the office of the Victory Stationery Company. Thereafter she began a third-party action against the Victory Stationery Company for negligence. Although an employer's report of injury was filed over the name of the Victory Stationery Company this appears to have been an error committed by an employee without authority. The carrier for this entity, apparently relying on this report, offered two advance payments of compensation which were refused and returned by claimant. The third-party action was tried before a jury but the jury disagreed, whereupon the court decided the case without a jury. He found that claimant could not maintain her action because the exclusive liability for her injuries was that of her employers, the same two individuals, whether operating under the name of Victory Stationery Company or Austria Art Studio (*Williams* v. *Hartshorn*, 296 N. Y. 49). He did not rule however as to which partnership, or both, was the employer. The Referee found both partnerships were employers, and the board affirmed this finding and apportioned liability. In the light of this record we do not think this finding is supported by substantial evidence. Claimant asserted that at the time of the accident she was working for the Austria Art Studio alone, and it affirmatively appears that she was on the payroll of that partnership. Separate books of account were kept by each partnership. Claimant never filed a claim against the Victory Stationery Company, and indeed brought a third-party action against it. Even the clerk who erroneously filed an employer's report of injury over the name of the Victory Stationery Company swore on the trial of the third-party action that claimant was not employed by it at the time of the accident. The only support for the finding challenged is found in the erroneous report of injury and some vague testimony to the effect that at times one partnership paid the other's bills. We do not regard this as substantial evidence in the light of the other facts cited which were undisputed. Award, so far as it is against the Victory Stationery Company and its carrier, is reversed and claim against them dismissed, and matter remitted to the Workmen's Compensation Board for such corrective action as may be necessary, with costs to appellants against the Austria Art Company and its carrier. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.