The JOSCAR COMPANY, a Limited Partnership, Plaintiff,

v.

CONSOLIDATED SUN RAY, INC., Hybla Valley Development Corp. and Blauner's, Defendants.

No. 62-C-1201.

United States District Court
E. D. New York.

Jan. 8, 1963.

Joseph S. Wohl, New York City, for plaintiff, Robert A. Morse, Brooklyn, N. Y., of counsel.

Mortimer B. Wolf, New York City, for defendant Consolidated Sun Ray, Inc.

Golenbock & Barell, New York City, for defendants Hybla Valley Development Corp. and Blauner's, Seymour Shainswit, New York City, of counsel.

BARTELS, District Judge.

This action is based upon diversity of citizenship and accordingly the provisions of Section 1391(a) and (c), 28 U.S.C.A., with respect to venue must be satisfied.

Plaintiff (Joscar) sues for rent due under a lease executed on January 29, 1959 between it as landlord and Consolidated Sun Ray, Inc. (hereinafter "Sun Ray") and Hybla Valley Development Corp. as tenants, covering property in Pennsylvania, the performance of which lease was guaranteed by defendant Blauner's. After execution of the lease the tenants assigned the lease to Bargain City, U.S.A., Inc., a Pennsylvania corporation, which, in turn, assigned the lease to its subsidiary Bargain City, U.S.A., Inc., a Delaware corporation, which is now in possession of the premises. Under the assignments the original tenants remained liable and the assignees assumed performance of the lease.[1] On October 18, 1962, Bargain City, U.S.A. Inc. instituted bankruptcy proceedings in the United States District Court for the Eastern District of Pennsylvania under Chapter XI.[2]

Plaintiff is a limited partnership formed under the laws of the State of New York, consisting of two partners, one a general partner residing in the Eastern District of New York, and the other a limited partner residing in the Southern District of New York. According to the certificate of limited partnership filed in the office of the Clerk of the County of New York, plaintiff has its principal place of business in the Southern District of New York. Sun Ray is a Delaware corporation and defendant Blauner's is a Pennsylvania corporation, both of which conduct business within the Southern District of New York but neither of which is engaged in business in the Eastern District of New York.

Defendants move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Sections 1391(a) and (b) and 1406(a), Title 28, United States Code, for an order dismissing the complaint on the ground of improper venue. Upon the argument plaintiff conceded

---

1. On the same day that the lease was executed, an option was granted the tenants to purchase the land adjacent to the leased premises.

2. The bankruptcy court in Philadelphia, Pa. issued a permanent injunction on December 18, 1962, enjoining Joscar from instituting any suit relating to the lease and the option and from issuing process, prosecuting other legal action or executing any judgment which would affect the validity of the lease or the option. Since the present application does not involve prosecution of a prior suit but a determination involving venue, it is not necessary to inquire as to the effect of the injunction on this suit against the guarantors under the lease.

that defendant Hybla neither resides in this district nor in the district where the other defendants reside; consequently the complaint against Hybla must be dismissed.

### Plaintiff-Partnership

■■ Plaintiff contends that venue is proper in the Eastern District of New York because the general partner of Joscar lives in Nassau County, within the district, although the limited partner resides outside the district. There is no authority, either by decision or rationale, which supports plaintiff's contention that for purposes of venue the residence of the limited partner must be disregarded and consideration accorded solely to the residence of the general partner.[3] Since the two partners reside in different districts, plaintiff will be unable to comply with the requirements of Section 1391(a) unless the partnership is treated for venue purposes as a separate jural entity with a separate residence in the Eastern District of New York. For diversity purposes, it is clear that the partnership is viewed as an aggregate of its members and that the residence of the members alone determines diversity, no separate jural entity of the partnership district from the members being recognized.[4] But residence of a partnership for venue purposes has been treated differently from residence for diversity jurisdiction and justly so because venue is procedural and diversity is jurisdictional.

Even for venue purposes, however, different results have been reached, some courts insisting that for a partnership the criteria for venue are the same as the criteria for diversity, whereas others have treated a partnership as having a separate jural entity and a separate residence for venue purposes. Some courts also imply that the result might be different in cases involving a federal question from that reached in cases based upon diversity.[5] The basis for different treatment in these last two cases is difficult to discern. The argument in favor of a separate residence for partnership in venue cases stems from its capacity to sue and be sued in the partnership name. Those opposed to separate residence refer to Rule 17(b), Fed.Rules Civ. Proc., to the effect that determination of the capacity of a partnership to sue or be sued depends upon state law and reference to state law has not disclosed that a partnership is to be treated as a separate jural entity.[6] Whether it is a federal question case or a diversity case, it would appear that Rule 17(b) would require an examination of the state law to ascertain capacity to sue. Under this rule if a partnership has no such capacity to sue by state law, such partnership may nevertheless sue in its common name in cases involving a federal question. Whether or not state law clothes a partnership with a completely separate jural entity so that it may have a separate residence is not necessarily conclusive for venue purposes. It is possible for a partnership to have some of the attributes of a separate jural entity without, in fact, being a complete jural entity,[7] and a separate residence could be one of them.

■■ In United Mine Workers of America v. Coronado Coal Co., 1922, 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975, it

3. For diversity purposes such distinction has been ignored. Great Southern Fire Proof Hotel Co. v. Jones, 1900, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842.

4. Feldmann Insurance Agency v. Brodsky, D.Md.1961, 195 F.Supp. 483; Sperry Products, Inc. v. Association of American Railroads, 2 Cir., 1942, 132 F.2d 408, 145 A.L.R. 694. But see Remington's Dairy v. Rutland Railway Corporation, D.Vt.1954, 15 F.R.D. 488.

5. See Goldberg v. Wharf Constructers, D.C.Ala.1962, 209 F.Supp. 499, and cases cited therein.

6. See Koons v. Kaiser, D.C.N.Y.1950, 91 F.Supp. 511; Champion Spark Plug Company v. Karchmar, D.C.N.Y.1960, 180 F. Supp. 727; Harris Manufacturing Company v. Williams, D.C.Ark.1957, 157 F. Supp. 779.

7. People of Puerto Rico v. Russell & Co., etc., 1933, 288 U.S. 476, 480, 53 S.Ct. 447, 77 L.Ed. 903.

was held that an unincorporated association could be sued as such without a joinder of all of its members. Rule 17 (b), Fed.Rules Civ.Proc., which was thereafter adopted, provides that the capacity to sue or be sued should be determined by state law except "that a partnership or *other unincorporated association,* which has no such capacity by the law of such state" (emphasis supplied), may nevertheless sue or be sued in its common name for the purpose of enforcing for or against it a right under the Constitution or laws of the United States. By this phraseology partnerships are assimilated to unincorporated associations. As to the latter, Judge Learned Hand held in Sperry Products, Inc. v. Association of American Railroads, supra, that for the purpose of suit the law has regarded associations as jural entities and there is "no reason why that doctrine should not be applied consistently to other procedural incidents than service of process, and venue is one of such incidents." (132 F.2d p. 411) Following this decision other courts have expressly accorded to unincorporated associations a separate jural entity and residence for venue purposes. Portsmouth Baseball Corp. v. Frick, D.C.N.Y.1955, 132 F.Supp. 922. A partnership, therefore, should not be treated any differently than an unincorporated association. American Football League v. National Football League, D. Md.1961, 27 F.R.D. 264, 268.[8] In fact, viewing the express statutory attributes granted a partnership, there is more reason to believe that it has a separate jural entity for the purpose of suit and venue than a common law unincorporated association. In Goldberg v. Wharf Constructers, supra, and Darby v. Philadelphia Transp. Co., D.C.Pa.1947, 73 F.Supp. 522, where a partnership was recognized as having a separate jural entity for venue purposes, the court held that ven-

ue, unlike diversity jurisdiction, is a procedural incident to which the partnership concept should be adapted to accord with the equities of the situation. See United Mine Workers of America v. Coronado Coal Co., supra. Respectable authority exists, however, which holds that in the absence of specific state authority creating a completely separate jural entity in the partnership itself, the test for venue as far as a partnership is concerned, is the same test for diversity jurisdiction and that accordingly residence of all of the individual partners is the controlling criteria.[9] In substance, these authorities state that in order to clothe a partnership with a separate jural entity and a separate residence for venue purposes, it is not sufficient for a state to provide that partnership with only capacity to sue and be sued in its collective name. Upon this theory Judge Kaufman in Koons v. Kaiser, supra, decided that the fact that a partnership, under Section 222-a of the New York Civil Practice Act, had capacity to litigate in its own name did not create a separate jural entity of this partnership[10] and that accordingly venue for a New York partnership must be based upon the residence of the individual members. The teachings of Sperry seem to be to the contrary. If an unincorporated association may be regarded as a jural entity for the purpose of suit with an "inhabitancy" at its principal place of business, consistency would require the same treatment to a partnership for venue purposes. Being more specific and examining Section 222-a of the New York Civil Practice Act, as interpreted by Ruzicka v. Rager, 1953, 305 N.Y. 191, 111 N.E.2d 878, 39 A.L.R.2d 288, concluding that a limited New York partnership is the creature of statute and is a distinct entity for the purpose of a collective suit, the Court believes that the

---

8. Rule 4(d) (3), Fed.Rules Civ.Proc., accords the same treatment to unincorporated associations and partnerships for the purpose of service of process.

9. Koons v. Kaiser, supra; Champion Spark Plug Company v. Karchmar, supra; Harris Manufacturing Company v. Williams, supra.

10. Williams v. Hartshorn, 1946, 296 N.Y. 49, 69 N.E.2d 557.

same entity should be recognized for the purpose of determining where such collective suit may be brought without relying upon the residence of its members. If collective capacity to sue according to the New York statute is to be made fully effective for a partnership in federal courts, it should be construed to include a collective location at its principal place of business for venue purposes. This does not do violence to the language of the New York statute or to Rule 17(b) but is merely a recognition of the principle that a partnership or an unincorporated association can be a jural entity for only a few purposes and an association of individuals for other purposes.[11] For these reasons this Court finds that the plaintiff-partnership has a separate residence from its members for venue purposes. Since its principal place of business, however, is in the Southern District of New York, plaintiff cannot properly bring the suit in this district. Darby v. Philadelphia Transp. Co., supra.

### Defendant Corporations

■ It is conceded that both defendants are doing business within the Southern District of New York. Venue in the Southern District as to the defendants is therefore established. In addition, plaintiff alleges that Sun Ray is licensed to do business within the State of New York. Section 1391(c) provides:

> "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as

the residence of such corporation for venue purposes."

With respect to corporations incorporated within the State, this section has been interpreted by some authorities to mean that in a multi-district state, such as New York, the residency of such corporations is restricted to the district where they are actually doing business,[12] while other authorities hold that residence for such a corporation exists and suit may be brought in any of the multiple districts within the State.[13] If the latter authorities are followed, a literal reading of Section 1391(c) would permit suit to be brought in any district covered by the license to do business, which in New York would ordinarily include the Eastern District. Under such an interpretation, venue with respect to all of the defendants would then be satisfied in the Eastern District.[14] Since the text of Sun Ray's license was not submitted to the Court, it is unable to determine whether it includes permission to do business within the entire State. But even if there were no doubt on this score, the Court, in order to find venue for the defendants in this district, would be compelled to (1) agree with those authorities which hold incorporation within the State permits suit within any district therein, and (2) equate license to do business within the State to incorporation within the State. The Court is not prepared to take those two steps under the circumstances of this case.

■ There remains the question whether the case should be dismissed or transferred to the Southern District, in which it could have been brought originally (§ 1406(a), 28 U.S.C.A.). The

---

11. See, People of Puerto Rico v. Russell & Co., etc., supra. Cf., Knott Corporation v. Furman, 4 Cir., 1947, 163 F.2d 199, cert. denied, 332 U.S. 809, 68 S.Ct. 111, 92 L.Ed. 387, concerning the extension of the fiction of consent to suits in the state court to include suits in the federal courts. It should be noted that there is nothing in Rule 17(b) which prohibits this Court after examining the New York state law and finding collective capacity to sue, to attach for venue purposes location to sue.

12. Westerman v. Grow, D.C.N.Y.1961, 198 F.Supp. 307, and cases cited therein.

13. Hintz v. Austenal Laboratories, D.C.N. Y.1952, 105 F.Supp. 187; 1 Barron & Holtzhoff, § 80, p. 386.

14. Section 1392(a), 28 U.S.C.A., provides that "Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts."

Court believes that, in the interests of justice, the case should be transferred to the Southern District as indicated in this opinion.

Settle order within ten (10) days on two (2) days' notice.