**MORRISON-KNUDSON COMPANY, INC., & ASSOCIATES, a joint venture consisting of Morrison-Knudson Company, Inc., a corporation, Paul Hardeman, Inc., a corporation, Johnson, Drake & Piper, Incorporated, a corporation, Olson Construction Company, a corporation, and F. E. Young Construction Co., a corporation, Plaintiffs,**

v.

**ROCKY MOUNTAIN CHAPTER, NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, a corporation.**

Civ. A. No. 8323.

United States District Court
D. Colorado.

Oct. 8, 1964.

Grant, Shafroth, Toll & McHendrie, and John N. Dahle, Denver, Colo., for plaintiffs.

Quiat, Seeman, Quiat & Woods, and George Louis Creamer, Denver, Colo., for defendant.

ARRAJ, Chief Judge.

This matter is before the Court in consequence of the Pre-Trial Order, granting the parties leave to file memorandum briefs pertaining to the jurisdiction of this Court to hear this action. The Court has examined the file and considered the memorandum briefs submitted by the parties.

█ Plaintiff is a joint venture comprised of several foreign corporations, and defendant is a Colorado corporation. Defendant contends that the requisite diversity of citizenship does not exist. We believe that it does.

Rule 17(b) of the Federal Rules of Civil Procedure directs that capacity to sue shall be determined by the law of the state in which this Court is located.

C.R.S. Section 76-1-6 (Perm.Supp. 1960) states that "A partnership or other unincorporated association may sue or be sued in an action in its common name * * *."

There appears to be no Colorado case specifically holding that a joint venture

comes within this statute, but defendant offers no argument as to why plaintiff "joint venture" should not fall within the "unincorporated association" language of the statute.

Defendant's main contention is that if this joint venture is to be viewed as a separate entity for purposes of bringing this suit, there can be no diversity. The argument is that as the joint venture exists only for business purposes in Colorado, its residence can only be in Colorado. Therefore, both the plaintiff joint venture and defendant corporation reside in Colorado, and there is no diversity of citizenship to give this Court jurisdiction.

It is to be noted that C.R.S. Section 76–1–6 provides that the unincorporated association "may sue" in its common name. This wording is permissive, not mandatory, and it would seem that an election of the joint venture members to sue as an entity, rather than as individuals, would not destroy the members' identity nor their substantive rights. The statute does not deem a joint venture a jural entity for all purposes, but it would seem to do so only for procedural purposes as venue and service of process. See discussion of similar N. Y. Statute in Koons v. Kaiser, 91 F.Supp. 511, 516 (S.D.N.Y.1950).

Defendant cites several cases for the proposition that state recognition of an unincorporated association as a jural entity requires that the entity be so recognized also for jurisdictional purposes. Defendant's two leading cases seem to be based on Darby v. Philadelphia Transp. Co., 73 F.Supp. 522 (E.D.Pa.1947). Therein it was stated that the partnership entity is to be recognized as such for purposes of determining venue. Supra, at 524. The case does not speak of recognizing the jural entity for jurisdictional purposes.

Defendant also cites Sperry Products, F.Supp. 660 (S.D.N.Y. 1942), reversed 132 F.2d 408, 145 A.L.R. 694 (2d Cir. 1942), cert. denied 319 U.S. 744, 63 S.Ct. 1031, 87 L.Ed. 1700 (1943). However, this case holds against defendant, for it could hardly be made clearer that

> "Moreover, in the matter of jurisdiction over the subject matter, an unincorporated association is disregarded: when for example jurisdiction depends upon diversity of citizenship, it is the citizenship of the members alone which counts." Supra 132 F.2d at pp. 410–411.

Judge Hand makes it amply clear that the jural entity concept is applicable to venue questions on the one hand, but not to jurisdictional questions based on diversity on the other hand.

Defendant's cases do not support its position. The law is distinctly expressed to the contrary in many cases not touched upon by either plaintiff or defendant in their briefs. One of the most closely related cases is Carson Construction Co. v. Fuller-Webb Construction, 198 F.Supp. 464 (Dist.Mont.1961). Defendant was a joint venture formed of two foreign corporations for the purpose of constructing missile facilities solely within the state of Montana. The Court held that requisite diversity was present because plaintiff was a Montana resident and defendant was a joint venture made up of a New Jersey corporation and an Arizona corporation.

For purposes of federal jurisdiction, an unincorporated association is not a citizen of any particular state in its own right, and actual citizenship of its individual members is determinative of diversity jurisdiction. Arbuthnot v. State Automobile Ins. Ass'n, 264 F.2d 260 (10th Cir. 1959); Lowry v. International Brotherhood, etc., 259 F.2d 568 (5th Cir. 1958); Hettenbaugh v. Airline Pilots Ass'n, 189 F.2d 319 (5th Cir. 1951); Joscar Co. v. Consolidated Sun Ray, Inc., 212 F.Supp. 634 (E.D.N.Y. 1963); American Newspaper Guild v. MacKinnon, 108 F.Supp. 312 (Utah Dist. 1952).

Diversity must exist between all members of the association and the opposing party. It appears that such is the

case here and that the requisite diversity is present. It is therefore,

Ordered that defendant's motion to dismiss for lack of jurisdiction be and the same hereby is denied. It is further

Ordered that defendant's request for oral argument be and the same hereby is denied.