Meyer, J.
(dissenting). I would affirm. I agree that the dual capacity doctrine is inapplicable, though on different grounds than the majority, but I disagree with their conclusion that the Business Corporation Law, when all its pertinent provisions are considered, authorizes the action.
As the majority notes, the dual capacity doctrine holds a manufacturer-employer liable at common law for injury to an employee which results from a defect in the product. The theory underlying liability is that the duty of the manufacturer to make a product free of defect is unrelated to the employment relationship by reason of which the employer’s compensation liability and resultant immunity from tort liability comes into being. But even under the most liberal application of that doctrine a manufacturer-employer is held protected by compensation immunity when the product was manufactured solely for his own use and not for distribution to the general public (see Douglas v E. & J. Gallo Winery, 69 Cal App 3d 103, Mercer v Uniroyal, Inc., 49 Ohio App 2d 279).
Here Farrel-Birmingham ("Farrel”) acquired Consolidated *165 in 1951 and Consolidated was formally dissolved on December 31, 1954. The record indicates that Consolidated designed the vertical boring mill, that it was manufactured by Consolidated and Farrel during the latter part of 1954 and part of 1955 and installed in the Farrel plant in August, 1955. Since no cause of action for the claimed design defect could exist before completion of installation (Sears, Roebuck & Co. v Enco Assoc., 43 NY2d 389; Sosnow v Paul, 36 NY2d 780), Consolidated, which had been dissolved before that time, had no liability as an entity separate from Farrel. Moreover, since Farrel caused the mill to be installed for use in its own plant, the dual capacity doctrine would not apply to it, to impose common-law liability to an employee, in any event.
My disagreement with the majority is that it has applied only a part of the provisions of the Business Corporation Law. Relying on the provision in section 906 (subd [b], par [3]) of that law, which makes the surviving corporation "liable for all the liabilities, obligations and penalties of each of the constituent corporations,” it ignores paragraph (1) of subdivision (b) of the same section which endows the surviving corporation with "all the rights, privileges, immunities, powers and purposes of each of the constituent corporations.”
Accepting for purposes of argument that the dual capacity doctrine will not be applied in New York,* we then have a situation in which Farrel, USM’s predecessor corporation, incurred an inchoate liability at the time the defectively designed boring mill was installed in its plant, to anyone injured by the defect other than an employee, as to whom the compensation law immunized it from common-law liability. Since both immunities and liabilities of the predecessor corporation, Farrel, are available to or imposed upon the survivor or consolidated corporation, USM, it necessarily follows that the latter corporation is immune from liability if the person injured by the defect when the previously inchoate liability becomes choate is one of USM’s employees. The reason, quite simply, is that the predecessor corporation would have been immune had there been no merger or consolidation and *166 section 906 explicitly says that merger or consolidation does not affect immunity. That there might have been liability had the injury occurred before merger or consolidation is immaterial, for the coalescence of defect and injury which makes liability choate is accompanied by employment of the injured person, which under the Business Corporation Law immunizes the surviving corporation from tort liability. The facts that Billy was never employed by Parrel and that Barrel is not the surviving corporation are immaterial for USM as the surviving corporation was entitled as to its employees to the immunity to which Barrel, one of the constituent corporations, would have been entitled had there been no merger.
The majority’s argument that Barrel would be subject to suit by Mr. Billy’s survivors had it not merged with USM and that USM, therefore, should not escape liability through the "fortuity” of its merger with USM is inconsistent not only with the Business Corporation Law but with the facts and with decisional law. Had Billy been injured while working for Barrel, Barrel would have been immunized by section 11 of the compensation law and USM as the successor to Barrel would have been immune to suit by Billy because Barrel was. There could be liability on USM’s part for an injury to Billy only if Barrel sold the mill to USM and did not merge with it. There was, however, no sale, and there was, indeed, a merger.
All that has occurred is that USM acquired the corporations that built the allegedly defective mill and used it in their work. The mill has never been removed from the employment operation and neither corporation ever surrendered the immunity from suit which was conferred upon it by reason of compliance with the Workers’ Compensation Law. When USM acquired Barrel, it acquired as well the immunity of which Barrel was possessed, an immunity USM would not have acquired if it had merely purchaséd the mill from Barrel. That immunity protected Barrel from liability resulting from defective design for injury to an employee in the course of his employment by equipment manufactured by Barrel for its own use. Both the immunity and the liability remained inchoate until the occurrence of an injury brought both into play. If the person injured was a nonemployee of USM, USM would be liable for the design defect because Barrel would have been and USM was the successor corporation. If the injured person was an employee of USM, USM would be immune from liability because Barrel was and USM was the successor *167 corporation. It is immaterial that Billy never worked for Farrel (cf. majority opn, footnote, p 161). USM was immune from liability to Billy as its employee not because Billy was a Farrel employee but because Farrel was immune from liability to an employee and USM inherited that immunity. This is made clear by McElwain v Primavera (180 App Div 288, 289) which teaches that the effect of section 906 is that "nothing is lost by a merger; that the company formed by the merger stands in the place of those merged, and any right which belonged to them can be asserted by it”.
Nor are the assets of a merged corporation to be considered as having been transferred to the surviving corporation. As is illustrated by Torrey Delivery v Chautauqua Truck Sales & Serv. (47 AD2d 279), there is a substantial difference between a transfer of stock and a transfer of property. In that case plaintiff tenant had been granted a right of first refusal by its corporate landlord. On the death of the landlord’s sole stockholder, his stock was acquired by another corporation. Claiming that the stock sale violated its right of first refusal, the tenant sued to enforce it. The Appellate Division held that there had been no change of ownership of the landlord-corporation’s property, that "the corporate merger cannot be viewed as divesting or separating control of the subject property from the corporate entity” (47 AD2d, at p 283). Similarly, USM, Billy’s employer, stands in the place of Farrel and benefits from the compensation law’s grant of immunity.
The fallacy of the majority’s reasoning becomes apparent if we consider the consequences. Assume that a person works for a company which has manufactured its own equipment, that the corporation is acquired by another corporation and that the employee remains in his job. Under the majority’s reasoning, although the former employer had protection against suit, the Workers’ Compensation Law does not protect the acquiring corporation against suit if an injury to the employee is caused by any of the acquired equipment built by its predecessor. To make common-law liability of an employer otherwise entitled to section 11 immunity turn on whether the injury causing equipment was built by it or its predecessor is unrealistic. An acquiring corporation should not be required to take inventory of the equipment acquired through merger and obtain general liability insurance on so much of it as was manufactured by the acquired corporation, and nothing in either section 906 of the Business Corporation Law or section *168 11 of the Workers’ Compensation Law suggests that the Legislature so intended.
The majority’s conclusion is, in my view, theoretically deficient and impractical. Since the courts below properly granted summary judgment to defendant, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jones, Wachtler and Fuchsberg concur with Judge Gabrielli; Judge Meyer dissents and votes to affirm in a separate opinion in which Judge Jasen concurs.
Order modified, with costs to plaintiff against defendant USM Corporation, in accordance with the opinion herein and, as so modified, affirmed, with costs to the remaining defendants against plaintiff.

 Since the majority posits liability under section 906 of the Business Corporation Law, there is no occasion to discuss the merits of the dual capacity doctrine and developments subsequent to Williams v Hartshorn (296 NY 49), not briefed by the parties or discussed by the majority, such as our decision in Dole v Dow Chem. Co. (30 NY2d 143), which materially affected the employer’s workers’ compensation protection, the predicate for Hartshorn’s conclusion.