■ ARGENTINA PEREZ et al., Respondents, v TRU-FIT MANUFACTURING CO., INC., Appellant, and P.C. URBAN RENEWAL ASSOCIATION et al., Respondents.—Order, Supreme Court, New York County (Andrew Tyler, J.), entered on or about November 5, 1988, which, *inter alia,* denied without prejudice a motion by defendant TFM Industries (sued herein as Tru-Fit Manufacturing Co., Inc.) to dismiss the complaint, or in the alternative for summary judgment, unanimously reversed, on the law, without costs, the motion is granted, and the com-

---

plaint dismissed as to defendant Tru-Fit Manufacturing Co., Inc. The cross claims interposed by the remaining defendants are to be treated as third-party complaints.

Plaintiff, a resident of this State, was injured in New Jersey in the parking lot of her employer TFM Industries on February 7, 1986. The premises are leased by TFM. She applied for and received workers' compensation benefits under New Jersey law. Arguing that Tru-Fit Manufacturing Co., Inc., a corporation which was eventually merged into TFM in 1981, had negligently performed work in the parking lot prior to 1981, plaintiff commenced the present common-law tort action against Tru-Fit and other defendants, including the owner of the premises on which plaintiff was injured.

The IAS court denied defendant TFM's motion to dismiss, made on the ground that workers' compensation was plaintiff's exclusive remedy, without prejudice to renewal after discovery.

We now reverse. Clearly, the general rule which pertains is that workers' compensation provides plaintiff's exclusive remedy, barring maintenance of a common-law action against the employer. *(Williams v Hartshorn,* 296 NY 49.) The argument advanced by plaintiff, in reliance upon *Billy v Consolidated Mach. Tool Corp.* (51 NY2d 152, *rearg denied* 52 NY2d 829), is that the negligent acts of the predecessor corporation provide a basis for recovery against TFM, which, for the purpose of this motion, we may regard as having assumed the liabilities of the predecessor corporation. However, we are not persuaded, given the nature and location of the accident, and the fact that plaintiff has accepted workers' compensation benefits under the law of New Jersey, that New York law should apply. Under the law of New Jersey, plaintiff has not demonstrated a right to maintain this action.

In any event, we do not believe that the exception to the exclusivity rule enunciated in *Billy (supra)* should apply. In *Billy,* a worker was killed by an allegedly defective machine. The Workers' Compensation Law was held to bar the plaintiff in that case from bringing action against the employer either for participating in the design or manufacture of the machine or as owner of the premises. Rather, plaintiff could properly predicate a claim only on the ground that certain corporate entities, subsequently merged into the defendant employer, were third-party tort-feasors, and in that sense "the obligation upon which it [defendant employer] is being sued arose not out of the employment relation, but rather out of an indepen-

dent business transaction" *(supra,* at 161). Here, maintenance, repair, and improvement of the parking lot are all inextricably interwoven with defendant's role as employer and its proprietary obligations as lessor, and we are unable to conclude that any liability which may have been assumed by TFM is separate and distinct from TFM's liability as an employer and operator of the business premises. Concur— Sullivan, J. P., Carro, Milonas and Smith, JJ.