Michael Catalano, J.
The defendant Royalton moves for an order dismissing the complaint against it upon the ground of legal insufficiency, and defendant Lockport seeks similar dismissal as to it upon the ground that this court lacks jurisdiction “ since the plaintiff’s exclusive remedy is covered by Section 19 of the Volunteer Firemen’s Benefit Law.”
The complaint alleges that Ethel P. Miller, now deceased, owned a 1953' Pontiac operated by Everett Miller, her administrator; that defendants Lockport and Royalton are domestic municipal corporations and Terry’s Corner Volunteer Fire Company, Inc. is a domestic, membership corporation; that due notice of claim was filed with Lockport and Royalton; that March 30, 1957, plaintiff was a passenger in a fire truck responding to an alarm in the Town of Lockport, New York, owned by said fire company and operated by one Mahlon Troyer, when the Pontiac automobile was driven by defendant Everett Miller at the same place; that ‘1 the defendant, Everett Miller, and the agents, employees and servants of the defendants ” Lockport and Royalton “ so negligently * * * operated their said vehicles respectively, that they caused the same to collide, causing the damages and injuries ” to the plaintiff; that said fire *94 company was then ‘£ on the business and acting in the capacity of agent for said ” Boyalton and Lockport; etc., to the plaintiff’s damage.
The Volunteer Firemen’s Benefit Law, an act in relation to financial and other benefits to be paid and provided when volunteer firemen are killed or injured in line of duty, became a law April 16, 1956, effective March 1, 1957 (L. 1956, ch. 696). This law establishes a new single system of benefits for volunteer firemen and provides for the administration of such system by the Workmen’s Compensation Board and the chairman of such board (Volunteer Firemen’s Benefit Law, § 2). This law is intended to effectuate the objects and purposes of section 18 of article I of the New York State Constitution (workmen’s compensation), and the relationship between the political subdivision liable for benefits under this law and a volunteer fireman entitled to such benefits is that of employer and employee within the meaning of the Constitution (§2). If a volunteer fireman dies or receives an injury in line of duty, benefits shall be paid and provided pursuant to this law (§6).
Section 19 of the Volunteer Firemen’s Benefit Law entitled “ Exclusiveness of remedy ”, provided, in part: “ The benefits provided by this chapter shall be the exclusive remedy of a volunteer fireman * * * entitled to recover damages, at common law or otherwise, for or on account of an injury received by a volunteer fireman in line of duty * # * as against (1) the political subdivision liable for the payment of such benefits, (2) the political subdivision regularly served by the fire company of which the volunteer fireman is a member, whether or not pursuant to a contract for fire protection, even though any such political subdivision is not liable for the payment of such benefits in the circumstances, and (3) any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which any such injury was received ’ ’. £ £ £ Political subdivision ’ ’ ’ means a county, city, town, village or fire district” (§3).
In this complaint, it is alleged that the fire truck responding to an alarm in the Town of Lockport was owned by the fire company and operated by employees of Lockport and Boyalton at the time and place of the accident. Lockport and Boyalton are towns, and so, ££ political subdivisions ” within the meaning of said section 19. Whether or not these political subdivisions are liable for the payment of benefits afforded the plaintiff is immaterial. In either event, such benefits are exclusive.
The Volunteer Firemen’s Benefit Law is, in effect, a ££ baby-brother ” Workmen’s Compensation Law, designed to assure *95 to the volunteer fireman protection against loss of earning power through injury sustained in line of duty, irrespective of fault. In return for this new and comprehensive liability imposed upon the political subdivision involved, the statute grants the political subdivision immunity from any and all other liability on account of such injury. (Volunteer Firemen’s Benefit Law, § 19; see, also, Williams v. Hartshorn, 296 N. Y. 49, 50.) The Legislature’s intent to make compensation the exclusive remedy for such injury as to the political subdivision affected is emphasized by section 20 of the statute which makes applicable section 29 of the Workmen’s Compensation Law, subdivision 6 of which precludes common-law actions based upon “ the negligence or wrong of another in the same employ.” (Williams v. Hartshorn, 296 N. Y. 49, 50, supra.)
Generally, if at the time of injury the volunteer fireman was a member of a fire company of a political subdivision, any benefit under the new law shall be a charge upon the political subdivision concerned. (Volunteer Firemen’s Benefit Law, § 30.)
The new law makes applicable to it many provisions of the Workmen’s Compensation Law as fully as if set forth therein. Thus, the exclusive remedy principle of compensation practice is embodied in this benefit law as nearly as can be.
It follows that the motions of Royalton and Lockport should be granted. Nevertheless, it is possible that an amended complaint could be drawn alleging facts sufficient to exclude them from the exclusive remedy provisions of the new benefit law; if so, the plaintiff should be allowed such amendment.
Motions of Royalton and Lockport granted, dismissing the complaint as to them only, with leave to the plaintiff to serve them with an amended complaint, if so advised, within 20 days after a copy of the order hereby authorized is served upon plaintiff’s attorney with notice of entry, without costs.
Prepare and submit order accordingly.