Dorothea E. Donaldson, J.
This claim, timely filed and not submitted to any other tribunal, demands damages for personal injuries due to the alleged negligence of the defendant, the State of New York, in the conduct and supervision of a fire school for volunteer firemen. The defendant contended that claimant’s sole and exclusive remedy came within the provisions of the Volunteer Firemen’s Benefit Law.
On August 8,1962, claimant was an active and duly registered member of the Freemont Center Fire Company of the Hankins District in Sullivan County. He had been authorized to attend a course on “Essentials of Firemanship ”, conducted by an instructor from the Office of Local Covernment, Division of Fire Safety of the State of New York, at Callicoon and had attended the course until the 12th or final session on August 8, 1962. A “ live ” demonstration was held at the Delaware Youth Center field on the evening of August 8,1962. At approximately 7:30 of that evening, claimant sustained injuries of the face and both arms as a result of the combustion following the ignition of a cardboard box filled with paper. This cardboard box, when ignited, was to be used to light a pile of rubbish, mainly wood, with some rubber tires, placed in the center of an unused garage foundation. Because of the injuries Mr. Rosenberger was hospitalized for 11 days, was unable to work in his own employment for over three months and has a permanent partial disability.
At trial, claimant testified that he had claimed and received benefits in accordance with the provisions of the Volunteer Firemen’s Benefit Law. Additional proof was submitted to show that medical payments had been made under the self-insurance plan of the Sullivan County Board of Supervisors for the hospital bill at Callicoon Hospital and for the treatment rendered by Dr. Edmund T. Rumble.
The Volunteer Firemen’s Benefit Law was enacted by chapter 696 of the Laws of 1956 and constitutes chapter 64-A of the Consolidated Laws. It consolidates a former system of benefits for volunteer firemen which had been provided by both the *196 General Municipal Law and the Workmen’s Compensation Law. This single system of benefits applies for injuries to, or death of, volunteer firemen in the line of duty and is under the sole administration of the Workmen’s Compensation Board of the State of New York. Section 5 (subd. 1, par. d) of the Volunteer Firemen’s Benefit Law reads as follows:
‘ ‘ Section 5. Coverage. 1. The duties and activities in relation to which benefits shall be paid and provided pursuant to this chapter are: * * *
“ d. While, within this country or in Canada and pursuant to orders or authorization, instructing or being instructed in fire duties, attending a training school or course of instruction for firemen, or attending or participating in any noncompetitive training program, including necessary travel directly connected therewith.”
Section 19 refers to ‘1 Exclusiveness of remedy ’ ’ and provides that “ The benefits provided by this chapter shall be the exclusive remedy of a volunteer fireman * * * resulting from an injury to a volunteer fireman in line of duty, as against * * * (3) any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which any such injury resulted ”.
Claimant maintained that even though the injury occurred within the provisions of paragraph d of subdivision 1 of section 5 and section 19 provided that the benefits flowing as a result of such section was a sole and exclusive remedy, the training school or the course of instruction for firemen was under the instruction, supervision and control of an employee of the State of New York, that this instructor received payment for his services from the State, and that the State was not a political subdivision as contemplated by the provisions of the Volunteer Firemen’s Benefit Law. This law specifically defines in section 3 of article I the meanings of “ Volunteer fireman ”, “ Fire company ”,11 -State ”, and “ Political subdivision ”. The latter, in subdivision 10 of such section, ‘ ‘ means a county, city, town, village or fire district”. Since the State of New York is a sovereign from which the political subdivisions derive their identity, such sovereign cannot be construed in accordance with the meaning defined in subdivision 10 of section 3. However, the provision of clause (3) of section 19, referring specifically to governmental or statutory authority, does not relate solely and exclusively to political subdivisions but refers to government in the whole and complete sense. In suchwise, therefore, since the State of New York is the government in author *197 ity, it may delegate to its employees its governmental authority and be considered to come within the provisions of the section.
Thus, it must be concluded that in accordance with section 5 (subd. 1, par. d) and section 19 (cl. [3]), claimant’s sole remedy lies within the provisions of the Volunteer Firemen’s Benefit Law.
Furthermore, claimant contended that the ££ proviso clause ”, following the semicolon at the termination of clause (3) of section 19, provided him with the additional right to institute action against the State in the Court of Claims on the ground of negligence. He argued that since the State of New York is not a political subdivision, as defined by the law, and that since the State as a sovereign had waived its immunity in accordance with section 8 of the Court of Claims Act, the State was, in effect, vicariously liable. In such capacity, claimant continued, the State could not have the benefit of the decision of the court in Hausman v. Miller (14 Misc 2d 93, 95) wherein the court said: u In return for this new and comprehensive liability imposed upon the political subdivision involved, the statute grants the political subdivision immunity from any and all other liability on account of such injury. ’ ’ The proviso clause of section 19 reads: ‘£ provided, however, that the benefits provided by this chapter shall not be the exclusive remedy as against persons who, in the furtherance of the same duties or activities, are not similarly barred from recourse against the volunteer fireman, or his executor or administrator.” It is necessary to strictly construe the provisions of the proviso clause since the insertion of the same is dependent upon a permission not specifically defined. Statutes include proviso clauses when necessary where some unforeseen contingency, not specifically defined, might arise. A cause of action under this clause is available to those third parties who institute suit against a volunteer fireman, and vice versa, for whom benefits are not definitely provided within the Volunteer Firemen’s Benefit Law. Since the State has specifically, through the means of the statute, provided benefits for its firemen, claimant’s argument is not sound.
Defendant’s motion to dismiss the claim based upon exclusiveness of remedy is granted.
Assuming that claimant had a remedy not within the provisions of the Volunteer Firemen’s Benefit Law, consideration must be given to the issue of negligence. The class in ££ Essentials of Firemanship ” while planned, directed, supervised and instructed by an employee of the State of New York, was *198 provided without cost to volunteer fire companies and fire districts as a service to those members interested in fire fighting. No material, except workbooks and lesson plans, was provided by the State. The course was conducted once weekly for a 12-week period in the evenings. The students were designated, authorized and assigned by the fire company or district of which they were members. Claimant’s fire company was in the process of organization, training and equipment. It was contended by the claimant that fire protective clothing should have been provided for all students when a 1 ‘ live ’ ’ demonstration was being presented. There is proof that protective clothing was available on fire fighting trucks in the vicinity of the Youth Center field but that the instructor did not require the students to wear such clothing. The instructor himself did not wear fire protective clothing.
It must be recognized that fire fighting is hazardous. Fire fighters are advised to take precautions and to learn the necessary essentials to prevent damage to themselves and to property. Failure to assimilate instruction and suggestion cannot be attributed to fire safety instructors. Claimant failed to heed proper suggestion and precaution in that he failed to wear fire-protective clothing which was available.
Claimant likewise contended that the instructor, provided by the defendant, the State of New York, failed to properly build the pile of rubbish to be used for the “live” demonstration in that 10 gallons of gasoline and 5 gallons of motor, oil were used to impregnate the material and to lower its combustion point. At the instructor’s request, some volunteer firemen from the Callicoon Fire Company ‘1 prepared ’ ’ the pile. It was contended that the explosion and flash fire that followed claimant’s lighting of the cardboard box was caused by fumes from these accelerant materials. Use of such accelerants did not, in and of itself, constitute actionable negligence.
At trial, claimant’s motion to amend his bill of particulars by adding an allegation that the defendant, the State of New York, violated section 200 of the Labor Law, was granted. This provision of the Labor Law refers to working conditions of an employee and does not refer to the conduct of course instruction to persons not employees. Mr. Rosenberger was not an employee of the State of New York on August 8, 1962. The section does not apply.
The claim must be, and hereby is, dismissed.