Harold R. Sodeu, J.
Defendants, Town of Halfmoon and James W. Sweeney, individually and as Superintendent of Highways of the Town of Halfmoon, move to dismiss the complaints in these actions against them upon the ground that this court has no jurisdiction because sections 19 and 20 of the Volunteer Firemen’s Benefit Law provide that any remedy herein is vested exclusively in the Workmen’s Compensation Board of the State of New York.
It appears from the pleadings that the defendant, Sweeney, was Superintendent of Highways of the Town of Halfmoon on the day of this accident — July 19, 1966. Plaintiffs were members of the Halfmoon-Waterford Fire District No. 1, At the time and place of this accident, plaintiff Nadeau was operating a tank fire truck with the permission of the owner, and plaintiff Holland was a passenger. Plaintiffs were answering a fire call on a town road, Brookwood, within the area of the Town of Half-moon regularly serviced by the said fire district. Allegedly, another vehicle owned by defendant, Dion Oil Company, Inc., and driven by defendant, Baker, approached the accident area and allegedly forced the tank fire truck onto the shoulder of the town road which in turn collapsed causing the fire truck to roll over an embankment and injure both plaintiffs.
Prior to March 1,1957, benefits available to volunteer firemen for injuries or death were mandated under section 205 of the General Municipal Law. These benefits were available to members of a volunteer fire department who were not employees in fact. If a volunteer fireman was actually an employee, benefits were available to him under the Workmen’s Compensation Law and became mandatory on March 1,1948. In the new law, known as the Volunteer Firemen’s Benefit Law, which combined certain portions of the old General Municipal Law and the Workmen’s *203 Compensation Law, the Legislature of the State of New York created as between the political subdivision and a volunteer fireman the relationship of employer and employee whether or not the employee was in fact an employee in the common accepted understanding of such relationship. The mere fact that the injured person is a member of a volunteer fire department regularly serving an area of a political subdivision and is injured while performing such duties is sufficient to bring him within the purview of the Volunteer Firemen’s Benefit Law. Though the services of such a member, not an employee, are often rendered on a voluntary basis and recognized as extremely hazardous, his recovery in such an endeavor is now limited and mandatorily made' exclusive, his common-law action notwithstanding.
It is immaterial in the issue at hand to decide whether the plaintiffs were employees of the fire district or the Town of Halfmoon, as both must provide compensation insurance to cover this happening.
The Volunteer Firemen’s Benefit Law is the exclusive remedy against any political subdivision for any claim for injuries sustained by volunteer firemen answering a fire call within an area regularly serviced by said fire district. (Volunteer Firemen’s Benefit Law, §§ 3, 19, 20, 30; Workmen’s Compensation Law, § 29, subd. 6; Hausman v. Miller, 14 Misc 2d 93; William v. Hartshorn, 296 N. Y. 49, 50.)
The defendant, James W. 'Sweeney, has been sued in both actions, individually and as Superintendent of Highways of the Town of Half moon. The defendant, James W. Sweeney, could not lawfully act as an individual in constructing and maintaining the shoulders of any town road in the Town of Halfmoon. Sweeney was the duly elected Town Highway Superintendent of the Town of Halfmoon. Though it is alleged in each complaint that Sweeney as an individual was charged with a duty to maintain and construct the highways in said town in a safe and suitable condition thereon for travel by the public, such allegation is unsupportable in law. A public officer is not individually responsible in damages for an act done within the scope of his employment. (Gregoire v. Biddle, 177 F. 2d 579, 581; Kandall v. Stokes, 3 How. [44 U. S.] 87; Spalding v. Vilas, 161 U. S. 483.) Sweeney is charged with such duty by the town only because he is the Town Superintendent of the town highways.
Our attention is now given to both actions against 'Sweeney as Town Superintendent of Highways. In both of these actions, the plaintiffs are endeavoring to circumvent the Volunteer Firemen’s Benefit Law which limits recovery against the Town of *204 Halfmoon. Section 19 reads in pertinent part as follows: “ The benefits provided by this chapter shall be the exclusive remedy of a volunteer fireman * * * to recover damages, at common law or otherwise, for or on account of an injury to a volunteer fireman in line of duty or death resulting from an injury to a volunteer fireman in line of duty, as against * # * (3) any person * * * acting under governmental or statutory authority in furtherance of the duties or activities in relation to which any such injury resulted ”. This section bars an action against the political subdivision (town) which is brought against any person acting under governmental or statutory authority as the defendant Sweeney would have to be doing as Superintendent of Town Highways. (See Rosenberger v. State of New York, 46 Misc 2d 194; Gresis v. Garth Manor Corp., 20 A D 2d 726.)
Defendants’ motion to dismiss the complaints and causes of action herein of the plaintiffs against the Town of Half mo on and James W. Sweeney, individually and as Superintendent of Highways of the Town of Half mo on, is granted, with costs, on the ■ground that this court has no jurisdiction and the further ground that sections 19 and 20 of the Volunteer Firemen’s Benefit Law provide for an exclusive remedy with jurisdiction of these claims vested in the Workmen’s Compensation Board of the State of New York.