FRANCIS GIULIANO, Respondent, v. TOWN OF BRUNSWICK, Appellant, et al., Defendants.— AULISI, J. Appeal from an order of the Supreme Court at Special Term, entered in Albany County on August 13, 1968, which denied a motion to dismiss the complaint for insufficiency (CPLR 3211). Plaintiff, a volunteer fireman of the Town of North Greenbush Fire District, instituted this negligence action to recover damages sustained by him on August 24, 1966 when the cap on a fire hydrant, to which plaintiff and other members of his volunteer company were attaching a fire hose, blew off. The fire hydrant in question was located in and purportedly owned and maintained by the defendant Town of Brunswick and the defendant town's liability is predicated upon its alleged negligence in maintaining and inspecting the hydrant. The defendant town's motion to dismiss the amended complaint, denied by the Special Term, was premised upon, among other grounds not material here, the theory that section 19 of the Volunteer Fireman's Benefit Law bars this suit in common-law negligence against the town and that plaintiff's sole and exclusive remedy is the recovery of the benefits provided for by that law. Whether that section so limits the plaintiff is the sole issue presented for consideration upon this appeal. Section 19, entitled " Exclusiveness of remedy" provides, in pertinent part, that " The benefits provided by this chapter shall be the exclusive remedy of a volunteer fireman  *  *  *  at common law or otherwise, for or on account of an injury to a volunteer fireman in line of duty  *  *  *  as against  *  *  *  (2) the political subdivision regularly served by the fire company of which the volunteer fireman is a member, whether or not pursuant to a contract for fire protection, even though any such political subdivision is not liable for the payment of such benefits in the circumstances, and (3) any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which any such injury resulted; provided, however, that the benefits provided by this chapter shall not be the exclusive remedy as against persons who, in the furtherance of the same duties or activities, are not similarly barred from recourse against the volunteer fireman ". Defendant's contention is that it falls within the purview of subdivisions 2 and 3 of this section. Based upon a consideration of the record before us, it is our opinion that neither subdivision embraces the defendant town. Apart from the general allegation that the Towns of North Greenbush and Brunswick were involved in a program of mutual aid and assistance, the precise extent of which is nowhere disclosed, the record is barren of any evidence which would indicate that the defendant Town of Brunswick was a " political subdivision regularly served" by the plaintiff's fire company. Nor does the defendant town come within the intendment of subdivision (3) as,

we note, the party being sued is the Town of Brunswick, a political subdivision (Volunteer Firemen's Benefit Law, § 3, subd. 10), and not a "person or agency". Order affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum by Aulisi, J.