■ MARIO POLLINI, Appellant, v. FULLER ROAD FIRE DEPARTMENT et al., Respondents.— In a negligence and breach of warranty action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County, dated May 17, 1971, dismissing the complaint. Judgment affirmed, without costs. On August 24, 1967 a competitive fire drill authorized and sponsored by the New York State Drill Team Captain's Association and hosted by the defendant Fuller Road Fire Department was held at Colonie, New York. Among the events taking place was a competition utilizing a firemanic arch owned by the defendant Hicksville Fire Department and leased for purposes of the drill to defendant Fuller. Plaintiff, a volunteer fireman of the Malverne Fire Department, was sitting on the firemanic arch in his capacity as chief judge, when the arch collapsed. Defendant Hicksville Fire District is the political subdivision under whose authority the Hicksville Fire Department operates, although the parties stipulated that the Hicksville Fire District had no control or authority with respect to the use of the firemanic arch. In response to the complaint, each of the defendants asserted that section 19 of the Volunteer Firemen's Benefit Law bars this suit and that plaintiff's sole and exclusive remedy is the recovery of the benefits provided for by that law. Upon stipulation, this issue was tried separately without a jury. A determination was made in defendants' favor. The sole issue on appeal is whether that section so limits the plaintiff. Section 19, entitled "exclusiveness of remedy" provides, in relevant part, that "The benefits pro-' vided by this chapter shall be the exclusive remedy of a volunteer fireman * * * at common law or otherwise, for or on account of an injury to a volunteer fireman in line of duty * * * as against * * * (3) any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which any such injury resulted". Plaintiff argues that, since subdivision 10 of section 3 of the Volunteer Firemen's Benefit law defines a fire district as a political subdivision, defendant Hicksville Fire District cannot be the "person or agency" contemplated by the above-quoted portion of section 19. However, in our opinion, the fact that a fire district is defined as a political subdivision does not preclude it from also being defined as an agency within the intendment of section 19. No definition of agency is contained in the Volunteer Firemen's Benefit Law and a reading of the statute leads to the conclusion that the legislative intent was to include fire districts within the meaning of the word "agency" as used in section 19. To the extent that this holding is contrary to the reasoning expressed in *Giuliano* v. *Town of Brunswick* (32 A D 2d 705), we choose not to follow that case. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur. [66 Misc 2d 523.]