Memorandum. We agree with the Appellate Division that plaintiff is limited to his statutory remedy. The Hicksville Fire District can be considered a person or agency within the intendment of subdivision (3) of section 19 of the Volunteer Firemen’s Benefit Law. We do not find, however, as that court did, any inconsistency in this result with that reached by the Appellate Division, Third Department, in
 
 Giuliano
 
 v.
 
 Town of Brunswick
 
 (32 A D 2d 705) where it was held that the injured fireman, employed by the Town of North Gfreenbush Fire District, could maintain an action against the Town of Brunswick. There, that section (Volunteer Firemen’s Benefit Law, § 19, subd. [3]) did not stand in plaintiff’s way because the defendant town (as opposed to the defendant fire district in the instant case) could in no respect be considered a “ person or agency ”. We would also remark that in
 
 Holland
 
 v.
 
 Baker
 
 (61 Misc 2d 201, affd. 33 A D 2d 626), where the plaintiff attempted to sue the political subdivision which his fire company served, the action was cor
 
 *746
 
 rectly dismissed although the court mistakenly relied on subdivision (3) of section 19 rather than on subdivision (2).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Stevens concur; Judge Rabin taking no part.
 

 Order affirmed, with costs, in memorandum.