■ DANIEL R. MALONE et al., Respondents, v STEPHEN A. JACOBS et al., Appellants. — Appeal by defendants from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated November 23, 1981, which denied their motion to dismiss plaintiffs' complaint for failure to state a cause of action and, alternatively, for summary judgment. Order reversed, on the law, with $50 costs and disbursements, defendants' motion is deemed to include a request, pursuant to CPLR 3025 (subd [b]), for leave to amend their answer to assert the exclusivity of the Volunteer Firemen's Benefit Law remedy as an affirmative defense; said request is granted, summary judgment is granted and the complaint is dismissed. This is an action to recover damages for personal injuries sustained by Daniel Malone (plaintiff), and by his wife Linda to recover for loss of consortium, etc., arising out of an automobile accident in which the automobile Daniel Malone was driving was struck by an automobile driven by defendant Stephen Jacobs and owned by his father, defendant John Jacobs. It is conceded that at the time the accident happened both plaintiff and

defendant Stephen Jacobs were volunteer members of the Deer Park Fire Department and were independently proceeding in their own vehicles to the firehouse in response to a fire alarm. Volunteer firemen act within the scope and course of their duties when responding to a fire or other emergency call in their own vehicles or by other means of transportation (Opns Atty Gen, 51 St Dept Rep 105, 106). Section 19 of the Volunteer Firemen's Benefit Law provides in relevant part that: "[t]he benefits provided by this chapter shall be the exclusive remedy of a volunteer fireman, or his spouse * * * entitled to recover damages, at common law or otherwise, for or on account of any injury to a volunteer fireman in line of duty * * * as against * * * any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which any such injury resulted". Furthermore, section 20 of that law incorporates by reference subdivision 6 of section 29 of the Workers' Compensation Law, which provides that compensation is the exclusive remedy of an employee injured by the negligence or wrong of another in the same employ. Since the proof establishes that plaintiff was injured in the line of duty by another volunteer fireman in the same department, also acting in the line of duty, we conclude that the benefits provided in the Volunteer Firemen's Benefit Law are the exclusive remedy for both him and his spouse. That remedy is a form of workers' compensation (see NY Const, art I, § 18; Volunteer Firemen's Benefit Law, § 2, last par). The exclusivity of the remedy it provides is based upon collateral facts showing an action at law not to be maintainable, and like the workers' compensation defense it must also be pleaded affirmatively in the defendants' answer (*Newland v Goelz,* 35 Misc 2d 29). Leave to amend the answer to assert the defense should be freely given (see *Murray v City of New York,* 43 NY2d 400), especially where, as here, the defendants moved for summary judgment based on that defense within the two-year time limited for making a claim under the Volunteer Firemen's Benefit Law (§ 41; *Ciccone v Glenwood Holding Corp.,* 44 Misc 2d 273). Because the liability of defendant John Jacobs, the owner of the car driven by his son Stephen, is vicarious and is predicated upon the alleged wrongful acts of Stephen committed within the scope of the joint duties of both Stephen and plaintiff, he too may rely upon the defense of the exclusivity of the compensation remedy (see *Rauch v Jones,* 4 NY2d 592; *Naso v Lafata,* 4 NY2d 585). Accordingly, Special Term should have deemed the request in defendants' notice of motion for "other and further relief" to have included a request, pursuant to CPLR 3025 (subd [b]), to amend their answer to assert the defense, should have granted said request and should thereupon have granted summary judgment dismissing plaintiffs' complaint. Damiani, J. P., Mangano, Gulotta and Niehoff, JJ., concur.