OPINION OF THE COURT
Robert J. Stolarik, J.
The question presented in this dispute is whether plaintiffs’ common-law tort action is precluded under the exclusivity *448 provision of the Volunteer Firefighters’ Benefit Law § 19 (2), (3).
Plaintiff, John J. Lima, was a volunteer fireman in the Village of Haverstraw Fire Department. On April 11, 1984, plaintiff attended a course of instruction at a fire training center located in the Village of Pomona. This fire training center was owned, operated and controlled by defendant, County of Rockland.
Plaintiff alleges that he was injured on April 11, 1984 as a result of a fall while participating in training operations at defendant’s facility. Plaintiff maintains that defendant was negligent in failing to promulgate adequate rules and regulations covering safety devices as well as in failing to provide same. Consequently, plaintiffs commenced this action against defendant in January of 1985.
Issue was joined by service of defendant’s answer on February 13, 1985. Defendant now seeks leave to amend its answer, contending that plaintiff’s action is barred by Volunteer Firefighters’ Benefit Law § 19 (2), (3). Defendant also seeks to dismiss the complaint if this court approves the proposed amended answer annexed to the moving papers asserting lack of subject matter jurisdiction as a fourth affirmative defense by reason of the Volunteer Firefighters’ Benefit Law.
In relevant part, Volunteer Firefighters’ Benefit Law § 19 (2) and (3) provides that: "The benefits provided by this chapter shall be the exclusive remedy of a volunteer fireman * * * at common law or otherwise, for or on account of an injury to a volunteer fireman in line of duty * * * as against * * * (2) the political subdivision regularly served by the fire company of which the volunteer fireman is a member, whether or not pursuant to a contract for fire protection, even though any such political subdivision is not liable for the payment of such benefits in the circumstances, and (3) any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which any such injury resulted”.
Defendant’s reliance on subdivision (3) of section 19 of said statute is misplaced. Defendant, County of Rockland, is a political subdivision (Volunteer Firefighters’ Benefit Law § 3 [10]) and, therefore, not a person or agency within the meaning of the statute (see, Pollini v Fuller Rd. Fire Dept., 34 NY2d 744, 745; Giuliano v Town of Brunswick, 32 AD2d 705, appeal dismissed 25 NY2d 905).
*449 The dispositive issue, therefore, narrows to whether under the Volunteer Firefighters’ Benefit Law § 19 (2), defendant is a "political subdivision regularly served by” the Village of Haverstraw Volunteer Fire Company. Defendant’s reliance on this particular clause of the statute focuses primarily on the fact that the subject volunteer fire company is a participant in a mutual aid and assistance program coordinated by the County of Rockland.
Insofar as a mutual aid program is applied to Volunteer Firefighters’ Benefit Law § 19 (2), the Appellate Division, Third Department, in Giuliano v Town of Brunswick (supra) held that it would decline to apply the concept of mutual aid to this statute where the record on appeal was barren of any evidence in this respect. In the instant case, however, the parties have presented sufficient evidence in the moving papers which warrants extensive discussion and conclusions regarding the mutual aid program.
The concept of mutual aid programs with respect to fire fighting emanates from County Law § 225-a. The program is designed to enable participating fire companies to contract with a county to provide emergency fire service protection throughout the county (County Law § 225-a [2]). As applied to defendant County of Rockland, mutual aid is defined in the participating contract as: "organized, supervised, coordinated, cooperative, reciprocal assistance in which personnel, equipment and physical facilities of all participating fire departments, regardless of type or size, are utilized for fire or other public emergency in which the services of firemen would be used throughout the County of Rockland and adjacent areas.”
Plaintiffs volunteer company, the Village of Haverstraw, is a participant in the mutual aid fire program with defendant. Plaintiff has submitted copies of the annual alarm reports for the Village of Haverstraw Fire Department for the time periods running from April 1981 to March 1982; April 1982 until March 1983; as well as the 1984-1985 and 1985-1986 fire years. For each of these periods the total alarms were 253, 241, 267 and 235, respectively. At the same time, the relevant figures for mutual aid participation were 11, 9, 12 and 5, respectively. Consequently, it is apparent that less than 5% of the department’s alarms are involved with mutual aid participation.
Since defendant seeks to utilize the relevant statute to preclude plaintiffs common-law tort action, it is axiomatic *450 that the statute must be strictly construed (see, Parker v Hoefer, 2 NY2d 612, 615, cert denied 355 US 833). Applying this principle to the facts previously listed, it must be concluded that the Village of Haverstraw Fire Department does not "regularly serve” defendant. The mutual aid plan is designed for emergency fire service, a fact borne out by the illustration that less than 5% of the alarms responded to by the village were in furtherance of the program.
Moreover, the conclusion reached in this dispute is further supported by an examination of the underlying purpose of the Volunteer Firefighters’ Benefit Law. As has been recognized by the Court of Appeals, the memorandum of the Joint Legislative Committee on Fire Laws which accompanied the bill enacting this legislation suggests that Volunteer Firefighters’ Benefit Law § 19 was intended to follow the exclusivity rule of the Workers’ Compensation Law (see, Maines v Cronomer Val. Fire Dept., 50 NY2d 535, 542-543, citing NY Legis Doc, 1956, No. 45, reprinted at McKinney’s Cons Laws of NY, Book 63B, Volunteer Firefighters’ Benefit Law, p 17; see also, NY Legis Doc, 1956, No. 45, reprinted at McKinney’s Cons Laws of NY, Book 63B, Volunteer Firefighters’ Benefit Law, p 12), a conclusion which is consistent with the Governor’s Memorandum of Approval accompanying the bill (see, McKinney’s Cons Laws of NY, Book 63B, Volunteer Firefighters’ Benefit Law, p 37 [1956 McKinney’s Session Laws of NY, at 1678]).
The juxtaposition of the Workers’ Compensation Law with the exclusivity provision surrounding the Volunteer Firefighters’ Benefit Law § 19 supports the conclusion that defendant is not a political subdivision "regularly served” by plaintiffs volunteer fire company. Under the Workers’ Compensation Law, a nonemployer tort-feasor is not shielded from a claimant’s common-law tort action (Workers’ Compensation Law §§ 11, 29 [1]). In a similar vein, defendant would not be considered as plaintiffs employer under the Workers’ Compensation Law. Invariably, that distinction would belong to the local Haverstraw Volunteer Fire Company.
Further, the fact that plaintiff may have received benefits under the Volunteer Firefighters’ Benefit Law would not dictate a different result. This is so because subrogation principles are applicable to the extent that plaintiff obtains a potential recovery (see, Volunteer Firefighters’ Benefit Law § 20; Workers’ Compensation Law § 29).
*451 . Accordingly, this court holds that a party who participates in and coordinates a mutual aid program of assistance with a local municipal volunteer fire company is not shielded from immunity under Volunteer Firefighters’ Benefit Law § 19 (2).
Since this court concludes that plaintiff’s action is not precluded, that branch of defendant’s motion seeking leave to amend its answer is denied (see, Bellefeuille v City & County Sav. Bank, 74 MisC 2d 534, 535, mod on other grounds 43 AD2d 335). Finally, that branch of defendant’s motion to dismiss the complaint is also denied.