■ John J. Lima et al., Respondents, v County of Rockland, Appellant. (And a Third-Party Title.)—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated June 13, 1986, which denied its motion for summary judgment dismissing the complaint and for leave to amend its answer.

Ordered that the order is affirmed, with costs.

The plaintiff, John J. Lima, a volunteer firefighter with the Village of Haverstraw Fire Department, was injured as a result of the defendant's alleged negligent operation of its training center for volunteer firefighters. The plaintiff John J. Lima fell six stories while engaging in a "fireman's rope slide" procedure. He claims that the defendant's failure to use safety netting and to promulgate proper safety rules and regulations were the proximate causes of his injuries.

The sole issue presented on appeal is whether the plaintiffs' common-law tort action is barred under the exclusive remedy provisions of Volunteer Firefighters' Benefit Law § 19, the

pertinent part of which reads as follows: "The benefits provided by this chapter shall be the exclusive remedy of a volunteer fireman * * * at common law or otherwise, for or on account of an injury to a volunteer fireman in [the] line of duty * * * as against * * * (2) the political subdivision regularly served by the fire company of which the volunteer fireman is a member, whether or not pursuant to a contract for fire protection, even though any such political subdivision is not liable for the payment of such benefits in the circumstances, and (3) any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which any such injury resulted".

A county cannot be considered either a "person or agency" as defined in Volunteer Firefighters' Benefit Law § 19 (3) (see, *Pollini v Fuller Rd. Fire Dept.*, 34 NY2d 744, 745; *Giuliano v Town of Brunswick*, 32 AD2d 705, *lv dismissed* 25 NY2d 740, 905), and thus Volunteer Firefighters' Benefit Law § 19 (3) is inapplicable here.

The issue is thus narrowed to the application of Volunteer Firefighters' Benefit Law § 19 (2) to the Village of Haverstraw Fire Department, and whether it "regularly serve[s]" the County of Rockland. The defendant's contention that the Village of Haverstraw Fire Department's participation in the Rockland County Mutual Aid Plan constitutes regular service is unconvincing. First, the mutual aid plan authorized pursuant to County Law § 225-a is a voluntary program allowing participating fire districts to opt out of the program and rejoin at will. Second, assistance rendered is on an emergency basis only, and is thus irregular, since calls for assistance are made only during extraordinary fires. Lastly, the record reveals that over the five-year period of the injured plaintiff's tenure with the Village of Haverstraw Fire Department, less than 5% of the Department's responses were to calls for mutual aid.

Volunteer Firefighters' Benefit Law § 19, which became effective in 1957 (see, L 1956, ch 696), was intended to follow the exclusive remedy provisions of the Workers' Compensation Law (see, *Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535; *see also,* 1956 NY Legis Doc No. 45, reprinted in McKinney's Cons Laws of NY, Book 63B, at 17-19). Under Workers' Compensation Law §§ 11 and 29 a nonemployer tort-feasor is not shielded from common-law tort actions. At bar, the injured plaintiff and the defendant concede that the Village of Haverstraw Fire Department is responsible for the payment of benefits pursuant to Volunteer Firefighters' Benefit Law § 30, and as such is the functional equivalent of an employer under

the Workers' Compensation Law. Thompson, J. P., Brown, Rubin and Harwood, JJ., concur. *[See,* 132 Misc 2d 447.]