■ John J. Lima et al., Appellants, v State of New York, Respondent. (Claim No. 69405.)—In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Lengyel, J.), dated February 11, 1987, which denied their motion to dismiss the State's affirmative defenses and granted the State's cross motion for summary judgment dismissing the claim.

Ordered that the order is affirmed, without costs or disbursements.

The claimant John Lima was a volunteer member of the Town of Haverstraw Fire Department. On April 11, 1984 he was attending a training course given by an instructor employed by the State as part of the State's Fire Training Program. Mr. Lima was severely injured when he fell approximately six stories during instruction in a "rope slide". Although he claims that it was the negligence of the instructor which caused his injuries, he has brought this claim against the State, apparently on a theory of respondeat superior and because any claim against the instructor is barred by Volunteer Firefighters' Benefit Law § 19 (3). The claimant John Lima did in fact apply for and receive benefits under the law.

Volunteer Firefighters' Benefit Law § 19 provides that: "The benefits provided by this chapter shall be the exclusive remedy of a volunteer fireman * * * as against (1) the political subdivision liable for the payment of . such benefits, (2) the political subdivision regularly served by the fire company of which the volunteer fireman is a member * * * and (3) any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which any such injury resulted".

The claimants concede that subdivision (3) of this section precludes them from suing the instructor but argue that the State is not immunized from suit since it does not meet any of the criteria of either subdivision (1), (2) or (3).

In granting summary judgment to the State the Court of Claims relied on the holding in *Rosenberger v State of New York* (46 Misc 2d 194, 196-197) which states: "the provision of clause (3) of section 19, referring specifically to governmental or statutory authority, does not relate solely and exclusively to political subdivisions but refers to government in the whole and complete sense * * * therefore, since the State of New York is the government in authority, it may delegate to its employees its governmental authority and be considered to come within the provisions of the section".

We agree and therefore must conclude that this claim against the State was properly dismissed. Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.