*695 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Claimant, a volunteer member of the Village of Haverstraw Fire Department, was injured when he fell while performing an exercise as a participant in a fire training program sponsored by the New York State Department of State and supervised by a certified instructor retained by the State. Claimant received compensation benefits for his injuries pursuant to Volunteer Firefighters’ Benefit Law §§ 30 and 5 (1) (d), under a plan paid for by the village. He and his wife then commenced this independent action against the State on a theory of respondeat superior, claiming the State’s agent had negligently supervised the training program by allowing the exercise to be conducted without a safety net.
The only issue now presented is whether Volunteer Firefighters’ Benefit Law § 19 also prohibits this action against the State. It reads in part: "§ 19. Exclusiveness of remedy. The benefits provided by this chapter shall be the exclusive remedy of a volunteer fireman, or his spouse * * * at common law or otherwise, for or on account of an injury to a volunteer fireman in line of duty * * * as against (1) the political subdivision liable for the payment of such benefits, (2) the political subdivision regularly served by the fire company of which the volunteer fireman is a member * * * even though any such political subdivision is not liable for the payment of such benefits in the circumstances, and (3) any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which such injury resulted”.
The Court of Claims granted the State summary judgment and dismissed the complaint, holding that the statute barred claimant’s suit against the State. The Appellate Division affirmed and we granted leave to appeal.
We affirm the order dismissing the action based on the bar of Volunteer Firefighters’ Benefit Law § 19 (3), which is patterned after the Workers’ Compensation Law and which provides a compensation system for volunteer firefighters based on an employer/employee-type relationship (Maines v Cronomer Val. Fire Dept., 50 NY2d 535, 542; see also, Mem of Joint Legis Comm on Fire Laws, 1956 NY Legis Doc, No. 45, reprinted in McKinney’s Cons Laws of NY, Book 63B, at *696 XXII). We agree with Judge Donaldson that Volunteer Firefighters’ Benefit Law benefits are intended to be the exclusive remedy against the State when it is acting as an employer (Rosenberger v State of New York, 46 Misc 2d 194, 196-197).
In parsing Volunteer Firefighters’ Benefit Law § 19, we discern that the three immunization subdivisions are designed to provide protection from suit to different categories of persons and entities defined by their relationship to the injured volunteer firefighter. The one common thread is an employer/ employee-like relationship. Subdivision (1) of section 19 imposes exclusivity as against a political subdivision liable for benefit payments, thereby protecting it from additional liability for common-law damages, because it is essentially the "employer” of the volunteer firefighter. Subdivision (2) protects from suit a political subdivision regularly served by the firefighter. Correspondingly, to be protected by subdivision (3) from suit, the "person or agency acting under governmental or statutory authority” — in this case the State — must be found to have an employer/employee-like relationship and responsibility for the performance or training of the injured volunteer firefighter. The State qualifies for immunity under this analysis because it was carrying out its statutory duty to "[p]lan, coordinate and provide training” for volunteer firefighters (see, Executive Law art 6-C, § 156 [6]).
Pollini v Fuller Rd. Fire Dept. (66 Misc 2d 523, affd 39 AD2d 554, affd 34 NY2d 744) relied on by claimants-appellants is not to the contrary but rather is consistent with our analysis. In Pollini, the defendant Hicksville Fire Department was held immune from suit brought by a Málveme volunteer firefighter because the injury occurred while the Hicksville Fire Department was participating and acting as an employer in a firefighting training drill (cf., Giuliano v Town of Brunswick, 32 AD2d 705, lv dismissed 25 NY2d 905).
Finally, we note that a contrary construction of Volunteer Firefighters’ Benefit Law § 19 (3) in cases such as this one would render somewhat illusory, in the ultimate and practical effect, the protection shielding the expressly immunized State-employed servant by allowing a derivative suit and recovery nevertheless against the master, thus permitting indirectly that which is directly forbidden by the statute. Such an anomalous result could not have been intended by the Legislature in its enactment of Volunteer Firefighters’ Benefit Law § 19 (3).
*697 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.