■ NICHOLAS PEDONE, Respondent, v COUNTY OF NASSAU, Appellant, et al., Defendant. [692 NYS2d 662] —In an action to recover damages for personal injuries, the defendant County of Nassau appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), entered July 23, 1998, as denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Nicholas Pedone, a volunteer firefighter with the Glenwood Hook and Ladder Fire Department, was injured by an explosion while participating in a training exercise at the Nassau County Fire Academy (hereinafter the Fire Academy) in Bethpage. The Fire Academy is operated by the defendant Vocational Education and Extension Board (hereinafter VEEB), pursuant to a contract with the defendant County of Nassau which pays VEEB to administer the entire program. The plaintiff commenced this action against the County and VEEB to recover damages for his personal injuries.

The defendants moved for summary judgment dismissing the complaint on the ground that they were included in the "person or agency" designation provided in Volunteer Firefighters' Benefit Law § 19 (3), and thus, were immune from suit. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against VEEB, holding that VEEB was, indeed, an agency acting under governmental authority and thus immune from suit. On the other hand, the court held that the County was not a "person or agency" under Volunteer Firefighters' Benefit Law § 19 (3), and denied that branch of the motion as pertained to it.

The exclusive remedy provisions of Volunteer Firefighters' Benefit Law § 19 provide, in pertinent part, that "[t]he benefits provided by this chapter shall be the exclusive remedy of a volunteer [fireman] * * * at common law or otherwise, for or on account of an injury to a volunteer fireman in [the] line of duty * * * as against (1) the political subdivision liable for the payment of such benefits, (2) the political subdivision regularly served by the fire company of which the volunteer fireman is a member * * * even though any such political subdivision is not liable for the payment of such benefits in the circumstances, and (3) any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which such injury resulted".

Volunteer Firefighters' Benefit Law § 3 (10) defines a political subdivision as a "county, city, town, village or fire district". In this case, the County does not argue that Volunteer Firefighters' Benefit Law § 19, subdivisions (1) and (2) are applicable to it, thus implicitly conceding that the Glenwood Fire Department does not serve it and it is not responsible for the payment of benefits to that department's injured members. The County makes no claim that it has any direct responsibility for the administration of the Fire Department or that it employs the Glenwood firefighters. Instead, the County argues that it is a "person or agency" acting under governmental authority pursuant to Volunteer Firefighters' Benefit Law § 19 (3). This Court has previously determined under similar factual circumstances, however, that a County cannot be considered either a "person or agency" as defined within Volunteer Firefighters' Benefit Law § 19 (3), and thus, that subdivision is inapplicable here (*see, Lima v County of Rockland,* 133 AD2d 740, 741). S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.