■ JULIE A. FREY et al., Plaintiffs, v HAROLD J. WHISTLER, Defendant and Third-Party Plaintiff-Appellant. WILLIAM G. HAWES et al., Third-Party Defendants-Respondents. [765 NYS2d 132] —Appeal from an order of Supreme Court, Erie County (NeMoyer, J.), entered August 8, 2002, which granted the motion of third-party defendants for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, and the third-party complaint is reinstated.

Memorandum: Julie A. Frey (plaintiff), a volunteer firefighter, commenced this negligence action to recover damages for injuries she sustained when the fire truck in which she was riding collided with a vehicle owned and operated by defendant, Harold J. Whistler. Defendant then commenced a third-party action against the Town of Newstead Fire Co., Inc. and William G. Hawes, the driver of the fire truck. Supreme Court erred in granting third-party defendants' motion and dismissing the third-party complaint on the ground that plaintiff did not sustain a "grave injury" within the meaning of Workers'

Compensation Law § 11. The availability of a third-party action against plaintiff's employer and coworker is governed not by the Workers' Compensation Law, but by the Volunteer Firefighters' Benefit Law, which does not similarly limit third-party recovery to cases where a volunteer has suffered a grave injury.

The Legislature amended section 11 of the Workers' Compensation Law in 1996 to provide that an "employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury' * * *." However, the Legislature did not similarly amend the Volunteer Firefighters' Benefit Law. Although the Volunteer Firefighters' Benefit Law "follow[s] the purport and objectives of the Work[ers'] Compensation Law" (*Pollini v Fuller Rd. Fire Dept.*, 66 Misc 2d 523, 524 [1971], *affd* 39 AD2d 554 [1972], *affd* 34 NY2d 744 [1974]), and claims thereunder are administered by the Workers' Compensation Board (*see* Volunteer Firefighters' Benefit Law § 41; *see also* § 58), it contains separate and distinct benefits and procedures, and thus constitutes a statutory scheme separate and distinct from the Workers' Compensation Law. Where the Legislature has intended the Workers' Compensation Law to be incorporated into the Volunteer Firefighters' Benefit Law, it has expressly so provided (*see e.g.* Volunteer Firefighters' Benefit Law §§ 43, 45-49; *see also* § 70). "What the Legislature intended to be done can only be ascertained from what it has chosen to enact, and it is only when words of the statute are ambiguous or obscure that courts may go outside the statute in an endeavor to ascertain their true meaning" (McKinney's Cons Laws of NY, Book 1, Statutes § 92 [b]). The fact that the Legislature chose not to amend the Volunteer Firefighters' Benefit Law does not render it ambiguous or obscure, and thus we decline to read into the Volunteer Firefighters' Benefit Law the 1996 amendment to Workers' Compensation Law § 11. Any corresponding change or amendment of the Volunteer Firefighters' Benefit Law must come from the Legislature (*see generally Matter of Orens v Novello*, 99 NY2d 180, 190 [2002]; *Riley v County of Broome*, 95 NY2d 455, 468 [2000]; *Bright Homes v Wright*, 8 NY2d 157, 162 [1960]). Present—Pine, J.P., Hurlbutt, Scudder and Hayes, JJ.