■ JORGE LARGO-CHICAIZA, Plaintiff, v WESTCHESTER SCAFFOLD EQUIPMENT CORP., Defendant, and VERMONT SLATE ROOF Co. et al., Defendants and Third-Party Plaintiffs-Respondents. SALVATORE SANZO, Third-Party Defendant-Appellant. [774 NYS2d 152]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated August 12, 2002, as denied that branch of his cross motion which was for summary judgment, in effect, dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the defendants third-party plaintiffs, that branch of the cross motion of the third-party defendant which was for summary judgment, in effect, dismissing the third-party complaint is granted, and the third-party complaint is dismissed.

The Supreme Court erred in denying that branch of the third-party defendant's cross motion which was for summary judgment, in effect, dismissing the defendants third-party plaintiffs' claims against him, the plaintiff's employer, for indemnification and contribution. Under Workers' Compensation Law § 11, an employer may "be held liable for contribution or indemnity only where the third-party plaintiff proves through competent evidence that the injured party sustained a 'grave injury' " (*Schuler v Kings Plaza Shopping Ctr. & Mar.,* 294 AD2d 556, 559 [2002]). Here, the plaintiff's injuries, although clearly serious, did not rise to the level of "grave" injuries within the meaning of Workers' Compensation Law § 11 (*see Rubeis v Aqua Club,* 305 AD2d 656 [2003]; *Schuler v Kings Plaza Shopping Ctr. & Mar., supra*; *Fitzpatrick v Chase Manhattan Bank,* 285 AD2d 487 [2001]; *Dunn v Smithtown Bancorp,* 286 AD2d 701 [2001]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.