■ James Theodoreu et al., Appellants, v Chester Fire District et al., Respondents, Witfield Architectural Group, Appellant, et al., Defendant. [785 NYS2d 91]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Rosenwasser, J.), dated June 11, 2003, as granted that branch of the motion of the defendants Chester Fire District and Sugar Loaf Engine Company, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Witfield Architectural Group separately appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of the defendants Chester Fire District and Sugar Loaf Engine Company, Inc., which was for summary

judgment dismissing its cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiff James Theodoreu (hereinafter the injured plaintiff), a volunteer firefighter with the Sugar Loaf Engine Company, Inc. (hereinafter the fire company), of the Chester Fire District (hereinafter the fire district), was injured as a result of slipping and falling on the fire company's floor while responding to a fire call.

The exclusive remedy provisions of Volunteer Firefighters' Benefit Law § 19 provide, in pertinent part, that "[t]he benefits provided by this chapter shall be the exclusive remedy of a volunteer fireman . . . at common law or otherwise, for or on account of an injury to a volunteer fireman in [the] line of duty, as against . . . the political subdivision liable for the payment of such benefits . . . and . . . any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which such injury resulted."

Volunteer Firefighters' Benefit Law § 3 (10) defines a political subdivision as a "county, city, town, village or fire district." The plaintiffs do not argue that Volunteer Firefighters' Benefit Law § 19 (1) is inapplicable to the fire district, thus implicitly conceding that their claims against the fire district are barred. Since the fire company is a "person or agency" as defined within Volunteer Firefighters' Benefit Law § 19 (3), in that it and the injured plaintiff had an employer/employee relationship, the plaintiffs' claims against the fire company are also barred (*see Lima v State of New York,* 74 NY2d 694, 696 [1989]).

Workers' Compensation Law § 11 applies to the Volunteer Firefighters' Benefit Law (*see* Volunteer Firefighters' Benefit Law § 20; *Lima v County of Rockland,* 133 AD2d 740, 741 [1987]; *see also Maines v Cronomer Val. Fire Dept.,* 50 NY2d 535, 542-543 [1980]; *Pollini v Fuller Rd. Fire Dept.,* 34 NY2d 744, 745 [1974]). "Under Workers' Compensation Law § 11, an employer may be held liable for contribution or indemnity only where the third-party plaintiff proves through competent evidence that the injured party sustained a grave injury" (*Largo-Chicaiza v Westchester Scaffold Equip. Corp.,* 5 AD3d 355 [2004] [internal quotation marks omitted]; *Rubeis v Aqua Club,* 305 AD2d 656, 657-658 [2003]). Here, the defendant Witfield Architectural Group (hereinafter Witfield) neither alleged nor proved that the injured plaintiff sustained a grave injury within the meaning of Workers' Compensation Law § 11 (*see Largo-*

*Chicaiza v Westchester Scaffold Equip. Corp., supra; Schuler v Kings Plaza Shopping Ctr. & Mar.,* 294 AD2d 556, 559 [2002]). The Supreme Court, therefore, correctly dismissed Witfield's cross claims insofar as asserted against the fire district and the fire company. Smith, J.P., Adams, Crane and Skelos, JJ., concur.