Knipper v Drill Team of Lindenhurst Fire Dept., Inc. (2024 NY Slip Op 00184)

Knipper v Drill Team of Lindenhurst Fire Dept., Inc.

2024 NY Slip Op 00184

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2020-04248
 (Index No. 615302/18)

[*1]William A. Knipper, appellant, 
v
Drill Team of Lindenhurst Fire Department, Inc., et al., respondents, et al., defendant.

Anthony J. Gulotta, Esq., P.C., Ronkonkoma, NY (Michael Gulotta of counsel), for appellant.
Maroney O'Connor LLP, New York, NY (Patrick M. Butler of counsel), for respondents Drill Team of Lindenhurst Fire Department, Inc., and Lindenhurst Fire Department, Inc.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent Thomas Weckerle.
Bartlett LLP, Garden City, NY (Robert G. Vizza of counsel), for respondent Ridge Volunteer Fire Department, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated April 29, 2020. The order granted the separate motions of the defendants Drill Team of Lindenhurst Fire Department, Inc., and Lindenhurst Fire Department, Inc., the defendant Thomas Weckerle, and the defendant Ridge Volunteer Fire Department, Inc., pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff, a volunteer member of the defendants Drill Team of Lindenhurst Fire Department, Inc., and Lindenhurst Fire Department, Inc. (hereinafter together the Lindenhurst defendants), allegedly was injured when he fell from the back of a fire truck operated by the defendant Thomas Weckerle, a fellow volunteer firefighter. The accident occurred at a "fire track" allegedly owned by the defendant Ridge Fire District, sued herein as Ridge Volunteer Fire Department, Inc. (hereinafter Ridge District), during an event held in preparation for a firefighting competition. Based on a determination by the Workers' Compensation Board in February 2018 that the plaintiff was injured "in the line of duty," he was awarded benefits under the Volunteer Firefighters' Benefit Law.
In June 2018, the plaintiff commenced this action to recover damages for personal injuries against the Lindenhurst defendants, Weckerle, and Ridge District, among others, alleging, [*2]inter alia, that Weckerle negligently operated the fire truck at a dangerous speed during preparations for the firefighting competition. Thereafter, the Lindenhurst defendants, Weckerle, and Ridge District separately moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them. In an order dated April 29, 2020, the Supreme Court granted those defendants' motions. The plaintiff appeals.
"Under CPLR 3211(a)(1), a dismissal is warranted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1327-1328; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Cantor v Villucci, 212 AD3d 765, 766 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Sabharwal v Hyundai Mar. & Fire Ins. Co., Ltd., 216 AD3d 1015, 1016 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Section 19 of the Volunteer Firefighters' Benefit Law provides, in pertinent part, that "[t]he benefits provided by this chapter shall be the exclusive remedy of a volunteer firefighter" for injuries sustained "in line of duty . . . as against . . . any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which any such injury resulted." Thus, where a volunteer firefighter sustains an injury in the line of duty, the injured firefighter is barred from seeking recovery against either a fire company with which he or she had an employer/employee relationship (see Lima v State of New York, 74 NY2d 694, 695; Theodoreu v Chester Fire Dist., 12 AD3d 499), or fellow firefighters acting "in furtherance of their duties and activities" (Maines v Cronomer Val. Fire Dept., 50 NY2d 535, 546 [internal quotation marks omitted]). "Furthermore, section 20 of that law incorporates by reference subdivision 6 of section 29 of the Workers' Compensation Law, which provides that compensation is the exclusive remedy of an employee injured by the negligence or wrong of another in the same employ" (Malone v Jacobs, 88 AD2d 927, 928).
Here, the Lindenhurst defendants submitted, and Weckerle referenced, evidence showing that the plaintiff applied for and was awarded workers' compensation benefits based upon a determination that he was injured in the line of duty. Moreover, viewing the plaintiff's allegations in the light most favorable to him, the plaintiff failed to allege that Weckerle was not acting in furtherance of his duties and activities as a volunteer firefighter at the time of the accident by preparing for a competitive tournament (see Volunteer Firefighters' Benefit Law § 5[1][i]). Thus, the Lindenhurst defendants and Weckerle demonstrated that the plaintiff did not have a cause of action against them because the plaintiff's claims against them were barred by the exclusivity provisions of Volunteer Firefighters' Benefit Law § 19 (see Brady v Village of Malverne, 76 AD3d 691, 693; Theodoreu v Chester Fire Dist., 12 AD3d at 500; Malone v Jacobs, 88 AD2d at 928). Accordingly, the Supreme Court properly granted the motions of the Lindenhurst defendants and Weckerle pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against each of them.
Furthermore, in support of Ridge District's motion, it submitted documentary evidence conclusively establishing that it did not own the property where the accident occurred, and thus, that "a material fact as claimed by the plaintiff is not a fact at all" (Sabharwal v Hyundai Mar. & Fire Ins. Co., Ltd., 216 AD3d at 1016 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d at 274-275). Accordingly, the Supreme Court properly granted Ridge District's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
CONNOLLY, J.P., IANNACCI, WOOTEN and FORD, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court